**Globe American Cas. Co.**
**v.**
**Edmister**
*[Cite as 2 AOA 571]*

Case No. 89AP-1017
*Franklin County, (10th)*
*Decided April 5, 1990*

*Earl, Warburtor, Adams & Davis, Mr. Dick M. Warburton, Jr. and Ms. Dana S. Preisse, for Appellees*

*Mr. James Edward Morris, for Appellant*

YOUNG, J.
Appellant, Susan Y. Edmister, appeals from a judgment of the Franklin County Municipal Court, which granted appellee, Globe American Casualty Co., judgment by default and denied appellant's motion for relief from that judgment. Appellant raises the following three assignments of error as follows:

"I. The trial court abused its discretion in overruling Defendant's Motion for Relief from Judgment because Defendant demonstrated that she had a meritorious defense to the claim for damages, Defendant's motion was made within a reasonable time, and Defendant was entitled to Relief under Civ. R. (60)(B)(1), (3), and (5).

"II. The trial court abused its discretion in overruling Defendant's Motion for Relief from Judgment because the trial court did not base its decision on any of the required elements pursuant to Civ. R. 60 (B) and *GTE Automatic Electric v. ARC Industries.* 47 Ohio St. 2d 146 (1976).

"III. The trial court abused its discretion in overruling Defendant's Motion for Relief from Judgment because a substantial injustice was done pursuant to Civ. R. 60(B) (5) in that there was no trial held your nor any documentation or evidence provided [*sic*] concerning Plaintiffs' claim of damages."

Appellant's three assignments of error involve whether the trial court abused its discretion in overruling appellant's motion for

relief from judgment. As such, her three assignments of error will be addressed together.

On September 30, 1986, appellant was in an automobile accident in which she caused certain damage to the automobile of Kelly Duff, an insured of appellee. Duff claimed that appellant had caused damage to two areas of her automobile, amounting to damage of $1,134.46. Appellant admitted that she damaged the back of Duff's automobile but denied that she damaged the front.

From September 30, 1986 until May 10, 1988, appellee investigated this accident. By letter dated May 10, 1988, appellee informed appellant that they had resolved the question of damages and that they would be looking to her for reimbursement of the damages to the back of Duff's automobile in the amount of $266.54.

According to appellant, she tried to reach appellee by telephone on numerous occasions to make arrangements to pay for the damages. Appellant maintains that appellee did not return her telephone calls. Because appellee did not hear back from appellant, appellee initiated the instant action by filing a complaint against appellant in the Franklin County Municipal Court for $1,134.46.

Appellant filed an answer admitting the damage to the back of the automobile in the amount of $266.54, but denying liability for any other damage. The case was assigned for a pretrial hearing on November 14, 1988. Notices were sent out for the November 14 hearing, however, appellant maintains that she did not receive such notice. Appellant did not appear for the pretrial hearing and the trial court entered judgment against her for the full amount prayed for in the complaint.

Appellant received a copy of the judgment entry but she did not pursue the matter because she was not aware of her options. When appellant received notice that her license was being suspended as a result of the judgment, she contacted the Bureau of Motor Vehicles. She was informed to contact an attorney, which she did

On June 27. 1989, appellant, through her attorney, filed a "Motion for Relief from Judgment" pursuant to Civ. R. 60(B). Following an oral hearing on the matter, the trial court denied her motion. Thereafter, appellant filed her notice of appeal to this court.

This court has previously addressed the issues involved in the instant action in *Alban Equipment Co. v. Styline Structures General Contractors, Inc.* (Nov. 29, 1988), Franklin App. No. 88AP-517, unreported (1988 Opinions 4126). In *Alban Equipment*, the plaintiff had filed a complaint against the defendant and the defendant filed an answer and a third-party complaint. The trial court scheduled a pretrial conference. Defendant did not attend and the trial court entered judgment against defendant. The defendant filed a motion for relief from judgment pursuant to Civ. R. 60(B), which motion was overruled. This court reversed the decision of the trial court because defendant was entitled to notice before a default judgment could be entered.

Civ. R. 55(A) sets forth the procedure for granting a judgment by default. It states in part:

"*** If the party against whom judgment by default is sought has appeared in the action, he *** *shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. ***"* (Emphasis added.)

As this court stated in *Alban Equipment*, at 4128, "[t]he language of the rule is clear: before default judgment may be entered against a party *who has appeared in the action*, that party is entitled to written notice of an application for default judgment before such application (even if *sua sponte*) is acted upon by the trial court."

The concept of notice is an essential element of due process. The United States Supreme Court stated as follows in *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."

By requiring that notice be given to a party who has appeared in an action, Civ. R. 55(A) recognizes that notice is an elementary and fundamental requirement of due process.

Therefore, as this court determined in *Alban Equipment*, the default judgment entered by the trial court was erroneous as a matter of law because appellant did not receive notice that the court would entertain a motion for judgment by default against her.

In her assignments of error, appellant contends that the trial court abused its discretion in not granting her motion for relief from judgment. However, this case does not involve an exercise of discretion on the part of

the trial court. This court states in *Alban Equipment*:

"*** As the Supreme Court of Ohio held in *Rohde v.Farmer* (1970), 23 Ohio St. 2d 82, at 90, when the decision of the trial court involves 'no exercise of discretion but only a decision as to a question of law, the order *** [of default judgment] may be reversed on the basis of a showing that the decision was *erroneous as a matter of law*.'(Emphasis added.) While the *Rohde* court was discussing a question of law regarding the granting of the new trial, the underlying principle is the same. When no discretion is involved, the decision may be reversed upon a showing 'that the decision *** [is] erroneous as a matter of law. '" *Id.* at 4132.

As such, the trial court erred as a matter of law in not granting appellant's motion for relief from judgment.

Accordingly, appellant's assignments of error are sustained. Because appellant has already admitted liability for the accident, this matter is remanded to the trial court for a hearing on the issue of damages only.

> *Judgment affirmed in part,*
> *reversed in part*
> *and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur separately.

WHITESIDE, J., concurring separately:

Inasmuch as the record reflects that defendant-appellant was not given notice by the clerk of the trial court of the judgment entered on November 14, 1988, defendant's appeal is timely as to such judgment. Accordingly, I concur in the opinion and judgment. McCORMAC, J., concurring separately.

I concur on the basis that there was not a timely appeal since the trial court did not endorse a direction to the clerk to serve the judgment upon all parties not in default for failure to appear as required by Civ. R. 58(B). While the clerk did serve the notice of the judgment on defendant on the day prior to entry of judgment, there was not full compliance with Civ. R. 58(B). Hence, considering this case as a direct appeal case, it is clear that there was failure to provide notice as required by Civ. R. 55(B) and that the failure constituted reversible error on the issue of damages, liability having been admitted by the answer.

I do not agree that a failure to provide notice pursuant to Civ. R. 55(A) inherently renders the judgment subject to relief pursuant to Civ. R. 60(B).

As held by the majority, the case should be remanded to the trial court for a trial on the issue of damages only.