JOURNAL ENTRY AND OPINION
Plaintiffs Rosalie Golias and Matthew Golias brought this negligence and loss of consortium action against defendant John Goetz after defendant's car rear-ended plaintiffs' car at a traffic light. Defendant admitted negligence. A jury returned a defense verdict. The court, finding the jury's verdict against the manifest weight of the evidence, granted a new trial. The sole issue in this appeal is whether the court abused its discretion by granting the motion for a new trial.
The primary point of contention at trial concerned the extent of injuries suffered by plaintiff Rosalie Golias — plaintiff Matthew Golias only sought damages based on loss of consortium. The evidence showed that Rosalie and her husband had been stopped at the traffic light of an off-ramp to an interstate. Fresh snow had fallen, making the roads slippery. Defendant exited the interstate and had difficulty braking his car to a stop. He struck the rear-end of plaintiffs' vehicle at about five to ten miles per hour, causing plaintiffs' vehicle $147 in damage. Although the police were called, Rosalie and her husband did not stay at the scene of the accident, and neither Rosalie nor her husband made any immediate complaints to defendant about any injuries.
Rosalie testified and stated that the impact of defendant's collision sent pain shooting through her body. She and her husband traveled across town to the emergency room of her local hospital three hours after the accident. Emergency room personnel treated her for a neck and back sprain. In the months following the accident, Rosalie received ultrasound treatment for her neck and testified that she suffered diminished ability to carry out day-today tasks. She submitted medical records and invoices exceeding $9,000 for medical treatment.
The jury unanimously returned a verdict for defendant. Plaintiffs filed a motion for a new trial, arguing that they were entitled to receive a new trial under Civ.R. 59(A)(6) because the jury's verdict was against the manifest weight of the evidence, particularly since negligence had been admitted and Rosalie submitted proof of medical treatment necessitated by the collision. The court agreed and, in a written opinion, copied plaintiffs' motion for a new trial almost verbatim.
Civ.R. 59(A) states:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case; * * *
In Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus states, "[w]here a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court." As a reviewing court, we are required to "view the evidence favorably to the trial court's action rather than to the original jury's verdict." Id. at, 94. "This deference to a trial court's grant of a new trial stems in part from the recognition that the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the `surrounding circumstances and atmosphere of the trial.'" Malone v. Courtyardby Marriot L.P. (1996), 74 Ohio St.3d 440, 448, quoting Rohde v.Farmer, 23 Ohio St.2d at 94.
The court's discretion to grant a new trial on grounds that a verdict is against the manifest weight of the evidence is not absolute. A verdict "cannot be set aside lightly by conclusory statements of the trial judge not grounded in the evidence. It is axiomatic that the trial court cannot simply substitute its opinion for that of the jury." Gedetsis v. Anthony Allega CementContractors, Inc. (Sept. 23, 1993) Cuyahoga App. No. 64954, unreported; Whites v. DeBartolo Realty Partnership (Oct. 8, 1998), Cuyahoga App. No. 73336, unreported. As with other questions concerning the manifest weight of the evidence, "the trial court's discretionary action in granting a new trial must be supported by competent, credible evidence in order for a reviewing court to affirm that decision." Schlundt v. Wank
(Apr. 17, 1997), Cuyahoga App. No. 70978, unreported, citingGedetsis v. Anthony, supra.
As we previously stated, liability had been conceded and the sole question for the jury concerned the amount of damages proximately caused by defendant's negligence. Defendant made a convincing case that plaintiff's complaints of injuries were either exaggerated or stemmed from a pre-existing degenerative disc deterioration.
Plaintiff testified that she spent most of her days in significant pain, but admitted she did not miss a single day of work because of pain stemming from the accident. Plaintiff further admitted she did not take prescribed pain medication during the day because it made her groggy. She claimed that pain from the injuries sustained in the accident made every day life activities such as picking up her seventeen pound grandchild difficult, yet other evidence contradicted her assertion. For example, plaintiff's husband testified that in the past two years "we have probably gone [jet skiing] a dozen times." At another point, plaintiff testified that she could not physically perform standard housekeeping tasks, but records from one physician showed that plaintiff told the physician that she was beginning to be able to do housework.
Plaintiff's subjective complaints of significant pain were not substantiated by medical records. The evidence showed large gaps in time between various doctor's visits, even though the doctors told plaintiff to return if her pain did not subside. Plaintiff testified that she constantly used a TENS unit (a device that uses electrical impulses) to alleviate her pain, yet there were significant gaps of time in which her medical records failed to show that additional batteries for the TENS unit had been ordered or that plaintiff had been given additional prescriptions for pain medication. Medical records show she went to the Cleveland Clinic Foundation for physical therapy. She was told to perform a number of exercises as part of physical therapy for her back, and the records indicated her rehabilitation potential with the therapy was good. But plaintiff admitted she only did two of the exercises and only did those two exercises twice a week. She did not return to the Clinic for any follow-up visits.
Other evidence tended to contradict the amount of medical bills submitted by plaintiff. Plaintiff worked in a doctor's office, and she said that her employer rendered medical treatment to her. Plaintiff testified that she did all the typing in the office, but backed-off that statement when confronted with a lack of evidence to show that her employer had documented all of the services submitted on a medical bill. Plaintiff then said that her employer's wife apparently typed all bills relating to personal injury work.
In short, the defense presented plaintiff as a person whose complaints of pain were either not substantiated by the record or contradicted by her own evidence.
But all this impeaching evidence did not negate one important fact — plaintiff showed no symptoms of neck or back pain before the accident. Whether plaintiff exaggerated the extent and duration of her pain after the accident, the record shows that she at least voiced immediate complaints about her neck and upper back and sought medical treatment for that pain. The court recognized this by stating:
 The evidence before the jury further proved that the Plaintiff did not have any neck and back problems prior to the car accident of February 4, 1995. Although she had pre-existing degenerative disc disease in her lumbar spine, she was asymptomatic. Not one shred of evidence of prior back or neck problems was introduced at trial.
Defendant argues we should not give our usual deference to the court's decision because the record shows the court did not sit through the videotape depositions that were played to the jury. Defendant argues that if appellate deference to the trial judge is based on the judge being "better situated than a reviewing court to pass on questions of witness credibility and the `surrounding circumstances and atmosphere of the trial'" Malone,74 Ohio St.3d at 448, that deference would be useless if placed on a judge who did not attend all portions of the trial.
The record suggests, but does not convincingly prove, that the trial judge absented himself while the videotape depositions of physicians from both sides were played. When plaintiff prepared to have the videotape deposition of one of her treating physicians played to the jury, the trial judge made the following statements about when the jury should reconvene to watch the videotape:
 THE COURT: * * * All right. Folks, if you're here at 1:15, I will suppose it would take about an hour and 50 minutes or so [to watch the videotape]. * * * I will try to be back here. If I'm not here, don't wait for me and you don't have to be here until quarter after two, 3:00 o'clock.
* * *
 When you come back at 1:15, just come in here. These lovely ladies [the trial attorneys] will take charge of the whole thing.
Trial judges are permitted to leave the courtroom while videotape depositions are being played to the jury. See C.P.Sup.R. 13(B)(5); Seley v. G.D. Searle Co. (1981), 67 Ohio St.2d 192,207-208; Carlin v. Anthony (Feb. 12, 1998), Cuyahoga App. No. 72150, unreported. The court's absence, if any, from the courtroom while the depositions were played is not reversible error.
There are occasions when an appellate court need not overly defer to the trial judge, for example when witnesses are presented by videotape. Schlundt v. Wank (Apr. 17, 1997), Cuyahoga App. No. 70978, unreported at 5. As we previously noted, the quoted portion of the record does not conclusively show that the judge left the courtroom while the videotape had been played. But even if the judge did leave, we cannot find an abuse of discretion on this record. Certainly, there was significant disagreement over the extent of plaintiff's damages, but the court had competent evidence to show that plaintiff suffered some damages. Plaintiff was perhaps minimally entitled to some compensation, although perhaps not for the $100,000 that she asked the jury to award her. Given the wide latitude granted to trial judges under Civ.R. 59(A)(6), we cannot say the court abused its discretion by granting the motion for a new trial on grounds that the jury's failure to award any damages was against the manifest weight of the evidence.
Finally, we disagree with the court's statement that defense counsel conceded that plaintiff was entitled to "something for her Emergency Room visit and some of the treatment of Dr. Lantsberg." This is the portion of closing argument the court referred to:
 Now we need to talk about the question of damages, obviously, because the plaintiff has put out to you an amount that she feels will fairly compensate her. Well, a lawsuit is not a lottery ticket. All right? I hope that you will take a close look at what these specials really are, what realistic specials are.
 I'm not saying that Mrs. Golias should walk out of here with no money. If you feel that the negligence of the Defendant proximately caused the injuries or some of the injuries that she says she has, then obviously you were going to give her a verdict.
A fair reading of this statement by counsel suggests that counsel did not concede the issue of proximate cause, but merely argued that if proximate causation had been shown by a preponderance of the evidence, plaintiff still had not supported the amount of damages that she asked the jury to award to her. In any event, we find the court's decision to grant a new trial did not hinge on this interpretation, so it has no bearing on our finding that the court did not abuse its discretion by ordering a new trial. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. PATRICIA A. BLACKMON, J., CONCUR.
 ______________________________ JUDGE JOHN T. PATTON
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See also, S.Ct.Prac.R. II, Section 2(A)(1).