DECISION
This action arises as the result of a motor vehicle accident that occurred on June 24, 1996. The negligence of appellant, Eric Osterman, was stipulated. Appellee, Solange Juarez, sought damages for medical expenses, loss of wages and wage earning capacity and appellee, Richard Juarez, sought damages for loss of consortium. The case proceeded to trial on July 13, 1998. The jury returned a general verdict in favor of Solange Juarez, in the amount of $1,128.88. The jury did not award Richard Juarez any damages on his claim. An interrogatory indicated that the jury awarded $1,000 for past medical expenses and $128.88 for past loss of earnings. No award was given for past pain and suffering. Appellees did not object to the verdict and the jury was dismissed by the court.
Appellees then filed a motion for new trial, pursuant to Civ.R. 59, on August 4, 1998. The trial court denied the motion as to Richard Juarez but granted the motion as to Solange Juarez on the basis that the jury was required to award some amount for pain and suffering since it awarded amounts for past medical expenses and past loss of wages.
Appellant filed a notice of appeal and raises the following assignment of error:
 The Trial Court erred in granting Plaintiff's Motion for New Trial.
By the assignment of error, appellant contends that the trial court erred in granting Solange Juarez's motion for a new trial. Appellant bases his contention on the fact that the interrogatories are inconsistent with the general verdict and appellees were required to object before the jury was dismissed. Since no objection was made, appellant contends that this error was waived and the trial court erred in granting a new trial.
The standard of review of a decision by the trial court to grant a new trial was set forth by the Supreme Court of Ohio in the first and second paragraphs of the syllabus of Rohde v. Farmer
(1970), 23 Ohio St.2d 82, as follows:
 Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon the showing of an abuse of discretion by the trial court.
 Where a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision as to a question of law, the order granting a new trial may be reversed on the basis of a showing that the decision was erroneous as a matter of law.
In the first paragraph of the syllabus of Tasin v. SIFCOIndustries, Inc. (1990), 50 Ohio St.3d 102, the Supreme Court of Ohio determined that:
 Where a jury's answers to one or more special interrogatories are irreconcilable with the general verdict, the choice of whether to enter judgment in accord with the answers to interrogatories and against the general verdict, resubmit the case to the jury, or order a new trial lies within the sound discretion of the trial court.
This court has consistently held that when a plaintiff receives damages for medical expenses but does not receive an award of damages for past pain and suffering, and where there is evidence supporting such damages, such judgment is against the manifest weight of the evidence. See Siders v. ReynoldsburgSchool Dist. (1994), 99 Ohio App.3d 173, 192; Klamfoth v. Wells
(Apr. 21, 1983), Franklin App. No. 82AP-874, unreported (1983 Opinions 1103); Bentley v. Click (Aug. 15, 1978), Franklin App. No. 78AP-29, unreported (1978 Opinions 2189). In Siders, at 191, this court quoted the first paragraph of the syllabus of ToledoRailways Light Co. v. Mason (1910), 81 Ohio St. 463, as follows:
 "In an action to recover damages for personal injuries, a new trial may be granted on the ground of the inadequacy of the damages found by the jury, when it appears upon the facts proved that the jury must have omitted to take into consideration some of the elements of damage properly involved in the plaintiff's claim."
In this case, the trial court determined that a new trial was appropriate because the jury did not award damages for past pain and suffering, but did award damages for past medical expenses and lost wages. The trial court determined that the jury must have omitted to take into consideration damages for past pain and suffering because it is illogical to determine that a plaintiff is injured badly enough to seek medical treatment and to miss work and award damages for those expenses, yet not to award damages for any pain and suffering. In this case, the parties do not dispute that there was evidence of past pain and suffering.
In Proper v. Butcher (1960), 85 Ohio Law Abs. 531, the court defined an inconsistency, as follows:
 To be inconsistent with the general verdict, it must appear that special findings are irreconcilable, in a legal sense, with the general verdict and to justify the court in setting aside or disregarding the general verdict on the ground that it is inconsistent with such special findings, the conflict must be clear and irreconcilable.
Civ.R. 49(B) governs the use of interrogatories and provides for the actions a trial court may take when interrogatories are used, as follows:
 When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.
"The remedies provided under Civ.R. 49 cannot be exercised in total once the jury is excused. Therefore, any objections to interrogatories must be raised while the jury is still impaneled and the court has full range of choices before it." Schoemaker v.Crawford (1991), 78 Ohio App.3d 53, 61, citing Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207. See, also, Basil v. Wagoner
(Sept. 12, 1995), Franklin App. No. 94APE12-1716, unreported (1995 Opinions 3817); Roeder v. Coleman (Apr. 26, 1994), Franklin App. No. 93AP-889, unreported (1994 Opinions 1752). In this case, the jury had already been dismissed before appellees filed their motion for a new trial.
Despite appellees' argument to the contrary, the general verdict and interrogatories are inconsistent and appellees should have raised this issue before the jury was excused. Having failed to do so, appellees waived the error. Thus, the trial court erred in granting Solange Juarez's motion for new trial. Appellant's assignment of error is well-taken.
For the foregoing reasons, appellant's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court to reinstate the jury's verdict.
Judgment reversed and cause remanded with instructions.
BROWN and PETREE, JJ., concur.