OPINION
Appellant, Zygo, Inc., appeals the January 16, 2001 judgment entry of the Franklin County Court of Common Pleas affirming the order of the Liquor Control Commission revoking appellant's liquor license. For the following reasons, we affirm.
Appellant is the owner and liquor permit holder for the Cincy Deli in Cincinnati, Ohio, in which it is permitted to sell wine and beer for off premises consumption. On April 5, 1999, an employee for appellant, Donald Worz, sold four wine coolers to a nineteen-year-old confidential informant without requesting the proper identification. On or about June 28, 1999, the employee was convicted in the Hamilton County Municipal Court for violating R.C. 4301.69, sale of liquor to minors. Because of the conviction of appellant's employee for the violation of R.C. 4301.69, the Liquor Control Commission ("commission") considered whether appellant's permit should be suspended or revoked pursuant to R.C.4301.25(A)(1), which states:
 (A) The liquor control commission may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause, and for the following causes:
 (1) Conviction of the holder or the holder's agent or employee for violating a section of Chapters 4301. and 4303. of the Revised Code or for a felony[.]
A hearing was held on February 2, 2000, before the commission in which appellant admitted to the violation. Consequently, the commission issued its order revoking appellant's liquor permit. Appellant appealed to the Franklin County Court of Common Pleas. The common pleas court held that the commission's decision was supported by substantial, reliable and probative evidence and affirmed the commission's order.
It is from this judgment entry that appellant appeals, raising the following sole assignment of error:
 THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT AFFIRMED THE ORDER OF THE LIQUOR CONTROL COMMISSION AND FOUND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS IN ACCORDANCE WITH LAW.
Appellant has appealed, pursuant to R.C. 119.12. R.C. 119.12 provides the following standard of review for the common pleas court:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
In Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, the Ohio Supreme Court set forth the following standard of review for an appellate court in reviewing a judgment of the trial court which determines an administrative appeal:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "`* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191, 193. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82. * * *
 The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, the Ohio Supreme Court defined the evidence required by R.C. 119.12 as:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Thus, this court's standard of review is limited to whether the trial court abused it discretion in finding the commission's order was supported by reliable, probative and substantial evidence or that it was in accordance with law.
In its sole assignment of error, appellant contends that the commission abused its discretion by revoking appellant's liquor license. Appellant argues this revocation by the commission was an abuse of discretion, an excessive penalty, and violated appellant's constitutional rights.
We note that, during the February 2, 2000 hearing, appellant admitted to the violation of selling liquor to a minor; a violation of R.C. 4301.69. This admission by appellant, in itself, is reliable, probative and substantial evidence. Additionally, since 1988, appellant has had nine prior convictions for underage sales and two violations for Sunday sales. Therefore, pursuant to R.C. 4301.25(A), the commission did not abuse its discretion and was well within its limits to suspend or revoke the permit of anyone found to be in violation of any applicable restrictions of R.C. Chapters 4301 and 4303, or any lawful rule of the commission. Thus, the commission was acting within its authority and this court will not modify the penalty imposed. Henry's Café, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233. Appellant's sole assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
DESHLER and KENNEDY, JJ., concur.