OPINION
Appellant, C H Investors, Inc., appeals from the July 9, 2001 decision and judgment entry of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio Liquor Control Commission ("commission") revoking appellant's liquor permit. For the following reasons, we reverse the decision of the trial court.
On February 4, 1998, appellee held a hearing to determine if appellant's C-1, C-2, and D-6 liquor permits should be suspended, revoked, or forfeited based on the allegation that, on or before April 4, 1997, appellant transferred his permit to Stephen Boston, without the written consent of appellee. Appellant did not appear at the scheduled hearing. Appellee, upon determining that appellant violated R.C. 4301.25 and 4303.29, revoked appellant's l iquor permit, effective March 11, 1998.
On March 5, 1998, appellant filed a motion for rehearing and reconsideration asserting that it had not received notice of the February 4, 1998 hearing. Appellee denied appellant's motion. Appellant, pursuant to R.C. 119.12, appealed the revocation order to the Franklin County Court of Common Pleas. The trial court affirmed appellee's order, and appellant filed a timely appeal before this court.[1] In the opinion released on December 9, 1999, this court reversed the trial court's order finding that the trial court abused its discretion when it determined that personal service on Stephen Boston was adequate notice for due process p urposes. We remanded the case for a rehearing on the matter.
Appellant's liquor permit was reinstated, and appellant filed a transfer application with appellee. Before the transfer application was completed, appellee reheard appellant's case. On July 31, 2000, appellee revoked appellant's liquor permit. Appellant appealed the revocation order to the court of common pleas. On July 9, 2000, the trial court affirmed the decision of appellee, finding that the order was supported by reliable, probative, and substantial evidence. It is from this decision and entry that appellant appeals, raising the following four a ssignments of error:
ASSIGNMENT OF ERROR NO. 1
 The Court of Common Pleas erred when it found that the Liquor Control Commission's Order revoking Appellant's liquor permit was supported be reliable, probative, and substantial evidence and was in accordance with law.
ASSIGNMENT OF ERROR NO. 2
 The lower court erred as a matter of law by upholding the Liquor Control Commission's Order since the Liquor Commission incorrectly placed the burden of notification.
ASSIGNMENT OF ERROR NO. 3
 The lower court erred as a matter of law by upholding the Liquor Control Commission's Order since the Liquor Commission failed to consider any evidence offered in mitigation of the penalty.
ASSIGNMENT OF ERROR NO. 4
 The lower court erred as a matter of law by upholding the Liquor Control Commission's Order since the Liquor Control Commission violated Appellant's due process rights.
Appellant has appealed pursuant to R.C. 119.12. R.C. 119.12 provides the following standard of review for the common pleas court:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
In Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, the Ohio Supreme Court set forth the following standard of review for an appellate court in reviewing a judgment of the trial court which determines an administrative appeal:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "`* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191.193 * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82 * * *.
 The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, the Ohio Supreme Court defined the evidence required by R.C. 119.12 as:
 (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value. [Fn. omitted.]
Thus, this court's standard of review is limited to whether the trial court abused it discretion in finding appellee's order was supported by reliable, probative and substantial evidence or that it was in accordance with law.
Because resolution of appellant's fourth assignment of error is dispositive of this appeal, we will address appellant's fourth assignment of error first.
In his fourth assignment of error, appellant contends that his due process rights were violated when only one member of the commission presided over the June 22, 2000 hearing. Appellant argues that, while it appears that the other two commission members may have deliberated, may have voted and issued the revocation order, no record exists as to how appellee reached its decision.
Appellee contends that appellant's due process rights were not violated because the revocation order was decided by a majority of the commission members. Appellee further argues that, because the June 22 hearing was a non-adversarial hearing, there existed no prohibition allowing only one member of the commission to hear the case. Additionally, appellee argues that it is clear that the commission members reviewed all the documents prior to issuing the revocation order, and that a transcript and a tape recording were made of the proceedings and available for appellant's review.
The trial court, in rejecting appellant's due process claim, relied on Jaffal Food Market, Inc. v. Liquor Control Comm. (1998), Cuyahoga App. No. 74449. The trial court, in Jaffal, held that "`any member' of the Commission may conduct a hearing. However, any order must be decided and signed by a majority of the Commission members in order for it to be a viable order." The trial court, in the case at hand, held that, since all three of the commission members signed the revocation order, it was clear that the decision to revoke appellant's liquor permit was made by the majority, thereby making the order a viable order.
In Jaffal, appellant's Class C-1-2 liquor permit was revoked. The matter was heard before Chairman Wallace E. Edwards. The hearing was on an uncontested admission plea, with no witnesses, and where a plea letter and a liquor agent report were submitted as evidence to the chairman. This was the only action taken before Chairman Edwards. Prior to rendering the decision, Chairman Edwards and the other two commission members reviewed the two evidentiary documents. The commission issued an order, signed by all three members, revoking appellant's liquor permit. On appeal, the court held that, since appellant entered a voluntary admission plea, the trial court did not abuse its discretion in affirming the commission's order to revoke appellant's permit.
In our case, appellee relies upon the following excerpt of R.C.4301.04(G):
 For the purpose of any hearing * * * the liquor control commission or any member thereof * * * may administer oaths, take depositions, issue subpoenas, compel the attendance of witnesses and the production of * * * testimony. * * * [Emphasis added.]
Appellee, also relying on Jaffal, interprets the language in R.C.4301.04(G) to mean that the presence of only one commissioner is necessary to conduct a hearing. Appellee contends that, because the hearing was not adversarial, it was proper for only Chairman Edwards to conduct the hearing, and that as long as the decision to revoke appellant's liquor permit was decided by the majority of the commissioners, the order was viable. Appellee further contends that the majority of the evidence submitted was stipulated reports, and that the small amount of live testimony offered addressed mitigating factors, to which neither party objected to its admission.
Unlike the facts in Jaffal, where the sole purpose of the hearing was for Chairman Edwards to obtain documents from the parties for the entire commission to review, the hearing in this case involved not only the parties submitting documents for appellees' review, but the testimony of three witnesses.[2] A careful review of the transcript from the June 22 hearing reveals that the proceeding took place before Chairman Edwards. Appellee claims that the commissioners reviewed and considered all the stipulated documents prior to issuing the revocation order. However, there is no indication in the record what the commissioners reviewed before reaching their decision. Therefore, we cannot determine whether the other two commission members reviewed the tape and transcript of the proceedings before reaching their decision to revoke appellant's liquor permit.
Furthermore, since the June 22 hearing was an adversarial hearing before appellee, the hearing should have been heard before a three-commission panel. The commission consists of three commissioners. R.C. 4301.022. "A majority of the commissioners constitutes a quorum for the transaction of any business, for the performance of any duty, or for the exercise of any power of the commission." R.C. 4301.04(A). Reading R.C. 4301.022 and 4301.04(G) in pari materia, we conclude that, while any member of the commission has the authority to administer oaths, take depositions, etc., these statues require a three-member panel to hold an adversary hearing. Such a requirement was not met during the June 22 hearing. As such, appellant's due process rights were violated when it was not afforded a hearing before a three-member panel. As a result, appellant's fourth assignment of error is well-taken and sustained. In light of this court's ruling that appellant's due process rights were violated, appellant's first, second and third assignments of error are overruled as moot. Appellant's revocation order, dated July 31, 2000, is void.
For the foregoing reasons, appellants first, second, and third assignments of error are overruled as moot, and appellant's fourth assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed and this case is remanded to the trial court with instructions to remand the matter to the commission for further proceedings consistent with this opinion.
Judgment reversed and remanded for further proceedings.
TYACK, P.J., and PETREE, J., concur.
[1] C H Investors, Inc. v. Ohio Liquor Control Comm. (1999), Franklin App. No. 98AP-1519. A thorough procedural and factual history of this case is included in our opinion ruling upon appellant's first appeal.
[2] The following three individuals testified at the June 22 hearing: Dominic Panzera, Jr., attorney for Department of Commerce, Division of Liquor; Marshall Harris, President of C H Investors, Inc.; and Stephen Boston, President and Shareholder of Boston Wine Cellar, Inc.