OPINION
{¶ 1} Defendant Appellant the State of Ohio Department of Taxation appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, entered in favor of plaintiff-appellee Terry L. Mack finding accord and satisfaction on the total amount of back sales taxes in the amount of $130,000. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 {¶ 2} I. THE TRIAL COURT'S VERDICT WAS CLEARLY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 3} II. THE TRIAL COURT ERRED IN NOT GRATING A DIRECTED VERDICT IN FAVOR OF OHIO AT THE END OF MACK'S PRESENTATION OF EVIDENCE.
 {¶ 4} III. THE TRIAL COURT ERRED IN FINDING AN ACCORD SATISFACTION IN AS MUCH AS THERE WAS NO TESTIMONY TO SUPPORT THAT CONCLUSION AND IT WAS AGAINST THE PRINCIPLES OF LAW.
{¶ 5} The record indicates in October of 1999, the State referred a sales tax assessment judgment lien against appellee with the law firm of Javitch, Block, Eisen Rathbone for purposes of collection. The judgment was for $4,903, plus statutory interest, for a total of $6,900. After JBER attempted to levy against appellee's personal property, appellee contacted the law firm in an effort to settle the case. Through counsel, the State agreed to waive $900 of the interest, and settle the judgment with the appellee for the sum of $6,000. Appellee paid the $6,000, and received a receipt.
{¶ 6} Subsequently, the State of Ohio assigned various additional tax judgments against appellee to the same law firm, JBER, for collection. The tax judgments with interest totaled approximately $130,000. At trial, the State of Ohio argued these liens were not the subject of the original payment, and the State never released appellee from those judgments and liens. At the time the first lien was settled, none of the other tax judgments and liens had been assigned to JBER. Appellee claimed at trial the accord and satisfaction entered on the original lien was intended to, and should discharge any and all liens levied by the State of Ohio.
{¶ 7} In its April 20, 2001 decision and judgment entry, the trial court found appellee was credible when he testified he was aware of all the various liens, and would not have paid the $6,000 if it did not satisfy all the outstanding liens. The trial court found whatever agreements or relationships existed between the State of Ohio, and the law firms it contracts with were not relevant to the issue of what appellee's reasonable expectations were. For example, the court found appellee did not know the only lien placed with JBER was the $6900 lien, and did not know the law firm had no authority to settle other liens. The court found the State of Ohio had the duty to explain to appellee what tax judgment they were dealing with, and which, some as old as ten years, had not been filed and were not intended to be included in this action.
{¶ 8} The court found it was not credible that the State would settle a $6,900 lien for $6,000, because it was almost full payment of the lien in question. Further, the court found it was not credible that appellee would have been agitated and made a special trip to Cleveland if he believed only one of the many liens would be satisfied. Finally, the court found the State's assertion it would never accept such a small payment on this many liens was not credible, because even the State is sometimes forced by circumstances to accept a small percentage in lieu of full payment. The court concluded that all the outstanding tax judgment liens were fully satisfied.
 I
{¶ 9} In its first assignment of error, appellant urges the court's decision was against the manifest weight of the evidence.
{¶ 10} The State argues the trial court's decision is full of conjecture and conclusions not supported by the transcript of proceedings. For example, the court found some of the sales tax judgments and liens against appellee were ten years old, and from this, the court apparently concluded the State did not intend to collect on these judgments. However, pursuant to R.C. 2329.07, judgments rendered on behalf of the State of Ohio can be renewed continuously for ten year periods, and thus, there is no legal or factual basis for the court's conclusion the liens were too old. Further, the transcript does not support the trial court's conclusion the State was willing to take $6,000 in satisfaction of all the outstanding liens. The State's representatives testified this action involved a single judgment and tax lien.
{¶ 11} The trial court found appellee was aware of the various liens, and would not have paid the $6,000 in question unless it was in satisfaction of all the liens. However, appellee testified he was not aware of the other sales tax liens until after he had negotiated and paid for the lien which is the subject of this case. In fact, appellee testified he was seeing some of the documents for the first time at trial.
{¶ 12} We find the testimony clearly demonstrates no meeting of the minds here to settle all of the outstanding tax liens, if appellee did not know about their existence, and JBER only had authority to deal with one. The trial court indicates JBER had apparent authority to settle all the liens, and it had a duty to explain to appellee if it was not settling all the liens. However, appellee's testimony that he did not know of the other liens at the time he paid the $6,000, demonstrates he could not believe the State had apparent authority to discharge the other liens.
{¶ 13} Our standard of reviewing claims a decision is against the manifest weight of the evidence is to review the transcript and evidence, and determine if there is substantial competent and credible evidence which, if believed by the trier of fact, supports each element of the judgment, see Rohde v. Farmer (1970), 23 Ohio St.2d 82. Our review of the transcript leads us to conclude the trial court's findings of fact and conclusions of law are not supported by the weight of the evidence.
{¶ 14} The first assignment of error is sustained.
 II III
{¶ 15} Given our holding in I, supra, we sustain the second and third assignments of error.
{¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By GWIN, J., HOFFMAN, P.J, and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.