[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The plaintiff-appellant, Laurel A Augustin, appeals from the trial court's order granting summary judgment to the defendant-appellee, Joe North. In her sole assignment of error, she argues that the trial court erred not only in granting North summary judgment, but, at the same time, as a predicate to granting the motion, in striking her list of expert witnesses. For the following reasons, we affirm the trial court.
 {¶ 3} This action arose out of automobile accident in which North allegedly was driving at a high rate of speed and caused his vehicle to strike Augustin's parked vehicle. After the case was referred to arbitration, a three-member panel ruled unanimously in North's favor. According to North, an independent witness testified at the arbitration hearing that it was Augustin's vehicle that had struck North's parked vehicle as North was exiting from his vehicle.
 {¶ 4} Augustin appealed from the arbitration ruling against her, only to voluntarily dismiss the action just before the trial. She subsequently refiled the suit, ultimately serving North by publication. She obtained a magistrate's decision in her favor based upon a motion for default judgment, but the trial court granted North's objection to the decision and granted him leave to answer out of time.
 {¶ 5} On August 13, 2002, the trial court placed of record a case-management order. On August 27, 2002, Augustin filed a document entitled "Experts (Plaintiff)"that listed, among several other people, counsel for North. It is undisputed that Augustin, who was acting pro se, failed to serve this notification of experts on North's counsel, as required by Civ.R. 5(D). North then filed two motions with the trial court. The first motion asked that Augustin be precluded from calling any expert witness at trial because she had failed to properly serve defense counsel with her list of experts. The second motion asked for summary judgment because, if precluded from calling any expert witnesses, Augustin would not be able to produce any competent evidence of proximate cause. The trial court granted both motions without setting forth its reasons for doing so.
 {¶ 6} North argues correctly that the trial court's decision to exclude testimony in response to Augustin's clear violation of Civ.R. 5(D) was a matter of discretion. Under these circumstances, we are not empowered to substitute our judgment for that of the trial court, but must defer to its ruling unless we can say that the trial court's decision was the result of an "unreasonable, arbitrary or unconscionable attitude * * *." Rhode v. Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685. Although we may have favored a more lenient sanction, we cannot say that the trial court's decision demonstrated the necessary indicia to warrant reversal. And, in view of that decision, North was clearly entitled to summary judgment. Accordingly, the judgment of the trial court is affirmed.
 {¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., HILDEBRANDT and GORMAN, JJ.