JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Marlene Lyon ("Lyon") appeals the decision of the Cuyahoga County Court of Common Pleas denying her motion for judgment notwithstanding the verdict or new trial. For the reasons stated below, we affirm.
1. I.
 {¶ 2} On August 8, 2001, Lyon and her husband John Lyon filed suit alleging that defendants-appellees Alma Stacho and Wilbur Stacho ("the Stachos") were negligent in failing to erect handrails on a wheelchair ramp on which appellant Lyon was injured.[1]
 {¶ 3} On the day of the incident, Lyon was making a house call in accordance with her duties as a hospice nurse for Fairview Home Care. Upon arriving and entering the Stachos' home, Lyon realized she needed to return to her vehicle to obtain certain medical supplies. Lyon fell as she was descending the wheelchair ramp on the front of the Stachos' house. As a result of the fall, Lyon fractured her right leg, requiring two surgeries. Lyon testified that she did not know what caused her fall.
 {¶ 4} Trial was commenced on August 20, 2002, wherein the jury found the Stachos' conduct negligent, but not the proximate cause of Lyon's injuries. Following the verdict, Lyon moved for judgment notwithstanding the verdict pursuant to Civ.R. 50(B) or, in the alternative, a new trial pursuant to Civ.R. 59. On January 15, 2003, said motions were denied.
 {¶ 5} Lyon filed this timely appeal and advances one assignment of error for our review.
1.II.
 {¶ 6} In her sole assignment of error, Lyon argues that "the trial court erred in its August 20, 2002 judgment entry granting judgment for defendant-appellees." For the reasons stated below, we affirm the decision of the trial court.
 {¶ 7} A motion for judgment notwithstanding the verdict is a question of law, not a question of fact. Toth v. Riser Foods (Apr. 23, 1998), Cuyahoga App. No. 72208. The standard of review for a ruling on a motion for judgment notwithstanding the verdict ("JNOV") is the same as a motion for a directed verdict under Civ.R. 50. Id. Civ.R. 50(A)(4) provides:
"When a motion for directed verdict has been properly made, and thetrial court, after construing the evidence most strongly in favor of theparty against whom the motion is directed, finds that upon anydeterminative issue reasonable minds could come to but one conclusionupon the evidence submitted and that conclusion is adverse to such party,the court shall sustain the motion and direct a verdict for the movingparty as to that issue."
 {¶ 8} To grant or deny a motion for JNOV or new trial is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Rohde v. Farmer (1970), 23 Ohio St.2d 82, 87. The term "abuse of discretion" implies more than an error in law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Atkinson v. International Technegroup,Inc. (1995), 106 Ohio App.3d 349, 358.
 {¶ 9} In the case sub judice, Lyon concludes that "[once] the jury found negligence on the part of Defendant, there was no question but that the negligence was a proximate cause of Appellant's injuries." The Stachos, on the other hand, argue that the jury properly weighed the negligence, comparative negligence, and causation instructions in reaching a defense verdict.
 {¶ 10} To establish negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners (1998),81 Ohio St.3d 681. "* * * [T]he question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide pursuant to the modern comparative negligence provisions * * *." Id.
 {¶ 11} Here, Lyon acknowledges that the jury was instructed as to negligence, causation, and comparative negligence. However, she argues that the jury did not make a finding as to whether she was comparatively negligent and, therefore, the jury's verdict is incorrect. However, a review of the jury interrogatories and verdict forms indicate that the jury did reach a finding as to comparative negligence.
 {¶ 12} Jury interrogatory number one reads: "Do you find by a preponderance of the evidence that Defendants Alma and Wilbur Stacho were negligent?" All eight jurors circled "yes." The jury was then instructed to proceed to interrogatory number two, which read: "Do you find by a preponderance of the evidence that Defendants Alma and Wilbur Stacho's negligence was a direct cause of Plaintiff Marlene Lyon's injuries?" Seven of eight jurors circled "no." Because the jury answered no to this interrogatory, they were instructed to sign the verdict form for the defendants and to cease deliberations. The verdict form, finding in favor of Alma and Wilbur Stacho, was signed by seven jurors.[2] The remaining jury interrogatories were left unsigned.[3]
 {¶ 13} The trial court found the interrogatories and verdict form to be in order and discharged the jury. The transcript indicates that there were no objections to the interrogatories or verdict form. As such, any objection to the content was waived and our appellate review is limited to plain error.[4]
 {¶ 14} "In a case tried under comparative negligence principles, three-fourths of the jury must agree as to both negligence and proximate cause, and only those jurors who so find may participate in the apportionment of comparative negligence." O'Connell, supra.
 {¶ 15} In the case sub judice, seven jurors signed the interrogatory
 {¶ 16} finding negligence. The same seven jurors also signed the interrogatory, finding that such negligence was not the cause of Lyon's injuries. Although the jury failed to sign the comparative negligence interrogatory, the only logical interpretation of the interrogatories and verdict form is that the jury believed Lyon's own negligence was the cause of her fall, not the absence of the handrail. Under the circumstances of this case, the jury's failure to sign the comparative negligence interrogatory does not rise to the level of plain error.
 {¶ 17} Lyon also argues that the trial court erred by failing to grant her a new trial. This argument is without merit. The decision to grant a motion for a new trial is within the sound discretion of the trial court. Having reviewed the circumstances and atmosphere of the trial, we find that the court's denial of Lyon's motion for a new trial did not amount to a manifest miscarriage of justice. Glover v. Toys-R-Us
(May 19, 1994), Cuyahoga App. No. 64787.
As stated above, the jury found that the Stachos' negligence was not the proximate cause of Lyon's injuries. Such a finding is supported by competent, credible evidence. The court did not abuse its discretion by denying Lyon's motion for a new trial.
 {¶ 18} Lyon's assignment of error is overruled. Judgment affirmed.
Colleen Conway Cooney, P.J. and Sean C. Gallagher, J. Concur.
[1] Plaintiff John Lyon's claim for loss of consortium was dismissed prior to the jury's deliberation.
[2] The court notes that the same juror elected not to sign the jury interrogatory number two and the verdict form.
[3] These included finding whether Lyon was negligent, whether such negligence was a direct cause of her injuries, the percentage of negligence attached to each party, and damages.
[4] "Although the plain-error doctrine is a principle applied almost exclusively in criminal cases, the doctrine may also be applied to civil causes, even if the party seeking invocation of the doctrine failed to object to the jury instruction in question, if the error complained of would have a material adverse effect on the character and public confidence in judicial proceedings." O'Connell v. Chesapeake OhioRR. Co. (1991), 58 Ohio St.3d 226.