ROHDE, ADMR., ET AL., APPELLANTS, v. FARMER, APPELLEE.

---

[3]CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.

(No. 69-534—Decided September 23, 1970.)

*Messrs. Petri, Hottenroth & Garverick, Mr. Kenneth M. Petri* and *Messrs. Myers, Spurlock & Sears,* for appellants.

*Messrs. Scanlon, Berger & Garner* and *Mr. Nelfred G. Kimerline,* for appellee.

LEACH, J. The ultimate question presented for determination by this court is whether the trial court erred in sustaining defendant's motion for a new trial.

In approaching the solution to this question we are confronted, first, with the question of whether our holding in *Price* v. *McCoy Sales & Service* (1965), 2 Ohio St. 2d 131 (that the granting of a motion for new trial is a "final appealable order"), overruled, modified or in any way affected our holding in *Poske* v. *Mergl, supra* (169 Ohio St.

70) (that the granting of not more than one new trial on the basis of insufficient credible evidence rests solely in the "sound discretion" of the trial court and "is not reviewable unless there has been an abuse of that discretion").

Prior to *Price*, it generally was held that the granting of a motion for new trial was not a "final order," subject to appeal to the Courts of Appeals, within the purview of Section 6 of Article IV of the Ohio Constitution. *Hoffman* v. *Knollman* (1939), 135 Ohio St. 170; *Green* v. *Acacia Mutual Life Ins. Co.* (1951), 156 Ohio St. 1. But see *Youngstown Municipal Ry. Co.* v. *Youngstown* (1946), 147 Ohio St. 221. During such time, however, this court recognized certain exceptions to the general rule. Many of the cases involving these exceptions were discussed by Hart, J., in his opinion in *Hoffman* v. *Knollman* (1939), 135 Ohio St. 170, 184-186. Among such exceptions were the holdings that where there was an "abuse of discretion" by the trial court in granting a motion for new trial, the action of the court was "reviewable." *Dean* v. *King & Co.* (1871), 22 Ohio St. 118; *Smith* v. *Bailey* (1874), 26 Ohio St. 1; *Wagner* v. *Long* (1937), 133 Ohio St. 41.

In *Steiner* v. *Custer* (1940), 137 Ohio St. 448, this court held, in paragraph two of the syllabus:

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

Paragraph two of the syllabus of the *Steiner case* was approved and followed in paragraph two of the syllabus of *Klever* v. *Reid Bros. Express* (1951), 154 Ohio St. 491.

The first two paragraphs of the syllabus in *Poske* v. *Mergl, supra* (169 Ohio St. 70), read:

"1. Where the evidence in the trial of a case is such that the case must be submitted to a jury to find for either the plaintiff or defendant, and where the trial court after its review of the evidence on a motion for a new trial is convinced that there is insufficient credible evidence to sustain a judgment upon the verdict of the jury, such court

may, in its discretion, grant not more than one new trial for that reason.

"2. Such action on the part of the court rests solely within its sound discretion, and it is not reviewable unless there has been an abuse of that discretion."

Those holdings in the *Poske case* were applied and followed in opinions by the court in *Thompson* v. *Titus* (1959), 169 Ohio St. 203, and *Berry* v. *Roy* (1961), 172 Ohio St. 422.

We come now to *Price* v. *McCoy Sales & Service, supra* (2 Ohio St. 2d 131). It is important to note that *Price* did not involve a situation where a new trial had been granted on the weight or sufficiency of the evidence, or on the basis of an erroneous charge to the jury. In that case, there were two defendants, McCoy and Chase. The court instructed the jury that Chase was negligent as a matter of law, but left to the jury the determination of whether the negligence of Chase was a proximate cause of the accident. The jury returned its verdict only against McCoy. The motion for new trial, which was sustained by the trial court, was not filed by plaintiff; it was filed by defendant McCoy, who claimed that the court erred in not instructing the jury as a matter of law that defendant Chase's negligence was a proximate cause of plaintiff's damages. No claim was made in that motion of any error as to the judgment obtained by plaintiff against McCoy.

In *Price*, the error of the trial court was *one of law, i. e.*, in granting a new trial in violation of the legal principle that "a party who is severally liable for the whole damage may not complain of the good fortune of a codefendant who is not held liable."

The majority opinion in *Price* made no reference, direct or indirect, to the question of what criteria or yardstick is to be employed by a trial court in granting a new trial on the weight or sufficiency of the evidence, or in granting a new trial on any other basis which involves the exercise of a sound discretion; nor was reference made to the question of what criteria should be employed by an appellate court in reviewing the order of the trial court granting a new trial where the exercise of discretion was involved.

The concurring opinion of Taft, C. J. (also concurred in by Schneider and Brown, JJ.), anticipated those questions, stating:

"Section 2321.17, Revised Code, as amended in 1957, requires a trial court to specify a valid reason for granting a new trial. If that court does not specify such a reason in granting a new trial, its order can no longer indicate that the new trial might have been granted for a reason wholly within the discretion of the trial court, as on the weight of the evidence. Thus, even if we pay lip service to what is left of the law as announced in *Green* v. *Acacia Mutual Life Ins. Co., supra*, we would still have the Court of Appeals, in every appeal from an order granting a new trial, doing almost exactly what it does now where it reviews any final order.

"I do not interpret our decision today as changing the law as to the extent of a trial court's discretion in granting a new trial. See *Poske* v. *Mergl* (1959), 169 Ohio St. 70, 157 N. E. 2d 344."

It should be noted that Chief Justice Taft drew a distinction between granting a new trial "for a reason wholly within the discretion of the trial court" and granting a new trial for other reasons. This distinction had not been referred to previously in the Ohio cases holding that the action of a trial judge in granting a new trial was "reviewable" only upon a showing of "abuse of discretion." The "abuse of discretion" test had been applied even to uphold the right of a trial judge to grant a new trial for reasons which would constitute an "error of law." *Klever* v. *Reid Bros. Express, supra* (154 Ohio St. 491), at 495.

The concept of "abuse of discretion" as the basis for determining "error" of the trial court connotes the right to exercise a *sound* discretion. Conversely, where a specific action, ruling or order of the court is required as a matter of law, involving no discretion, the test of "abuse of discretion" should have no application.

It does not appear that the holding in *Price* was intended to, nor did it, overrule the basic concept of *Poske* that where the order of a trial court granting a new trial is based on reasons which involve the exercise of a discre-

tion by the trial court, such order may be *reversed* only by a showing of "abuse of discretion."

It is true that *Poske,* and most of the cases which preceded *Price,* stated that the granting of a new trial was not "reviewable" unless there had been an abuse of discretion. However, it is clear that the term "reviewable" was used as being synonomous with "jurisdiction to review" and to "reverse," and was not used in its true grammatical sense of a "reexamination." Actually, it is necessary to "review" (reexamine) a case in order to determine whether an "abuse of discretion" is shown; if shown, the result is not merely a "review," but a review (reexamination) and "reversal." The word "reverse" was employed in the opinion by this court in *Berry* v. *Roy* (172 Ohio St. 422), wherein it was stated:

"A motion for a new trial with reference to the weight or sufficiency of the evidence is addressed to the sound discretion of the trial court and imposes upon that court a duty to review the evidence and pass upon the credibility of witnesses. In order to *reverse* the action of the trial court in granting a new trial on such a motion, it is necessary to show an abuse of discretion upon its part." (Emphasis added.)

We conclude, therefore, that where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of an abuse of discretion by the trial court.

Where, however, a new trial is granted by a trial court, for reasons which involve no exercise of discretion, but only a decision as to a question of law, the order granting a new trial may be reversed on the basis of a showing that the decision was erroneous as a matter of law.

This leads, therefore, to a consideration of the extent of the discretion vested in the trial court to grant a new trial under the circumstances involved herein, and whether, to the extent that there was an exercise of discretion, an abuse of discretion is shown.

R. C. 2321.17(F) authorizes the trial court to grant a new trial on the basis that the judgment "is not sustained

by sufficient evidence.'' Here, the trial court, from a consideration of the entire record, found that ''evidence as to negligence on the part of the defendant and as to proximate cause are both insufficient to sustain a verdict in favor of the plaintiffs.'' Appellants assert that, by overruling defendant's motions for a directed verdict, made at the close of the plaintiffs' case and at the close of all the evidence, and by overruling defendant's motion for judgment notwithstanding the verdict, the trial court necessarily found that the verdict was sustained by sufficient evidence, ''since none of the motions could have been overruled if the evidence on negligence or proximate cause had been insufficient to sustain a verdict.''

In making that assertion, appellants apparently fail to comprehend that there is a basic difference between the duty of a trial court to submit a case to the jury, where ''reasonable minds'' could differ, and the right of a trial court to grant a new trial on the basis of the conclusion by the court that the verdict is not ''sustained by sufficient evidence.''

The former does not involve any *weighing* of evidence by the court, nor is the court concerned therein with the question of credibility of witnesses. The court is authorized to direct a verdict only where, after construing the evidence most strongly in favor of the party against whom the motion is directed, it finds that upon any essential issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party. R. C. 2323.16; *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469.

In ruling on a motion for new trial on the basis of a claim that the judgment ''is not sustained by sufficient evidence'' (R. C. 2321.17 [F]), the court is concerned with the weight of the evidence and the credibility of witnesses. R. C. 2321.18 precludes a trial court from granting more than one new trial ''on the weight of the evidence'' against the same party. The phrase ''not sustained by sufficient evidence'' is synonomous and interchangeable with the phrase ''against the weight of the evidence,'' or a like phrase. *Brittain* v. *Indus. Comm.* (1917), 95 Ohio St. 391, 394;

*Weaver* v. *Columbus, Shawnee & Hocking Ry. Co.* (1896),. 55 Ohio St. 491; *Mahoning Valley Ry. Co.* v. *Santoro* (1915), 93 Ohio St. 53; *Toledo Railways & Light Co.* v. *Paulin* (1916), 93 Ohio St. 396; *Waldron* v. *New York Central Ry. Co.* (1922), 106 Ohio St. 371.

Thus the language of R. C. 2321.17(F), "sustained by sufficient evidence," does not mean merely sufficient evidence to compel the submission of the case to the jury, but means sufficient, in the opinion of the trial court, to conclude as a matter of fact that the judgment is not against the weight of the evidence. As noted in the herein abovequoted language of *Berry* v. *Roy, supra* (172 Ohio St. 422), the trial court, in determining such question, must review the evidence and pass on the credibility of the witnesses; not in the substantially unlimited sense that such weight and credibility is passed on originally by the jury, but in the more restricted sense of whether it appears to the trial court that a manifest injustice has been done, and that the verdict is against the manifest weight of the evidence. The duty of the trial court in such respect was aptly described by Stewart, J., in his opinion in *Poske* v. *Mergl, supra* (169 Ohio St. 70), at page 73.

"It follows that, where there is a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, a duty devolves upon the trial court to review the evidence adduced during the trial and to itself pass upon the credibility of the witnesses and the evidence in general. It is true that, in the first instance, it is the function of the jury to weigh the evidence, and the court may not usurp this function, but, when the court is considering a motion for a new trial upon the sufficiency of the evidence, it must then weigh the evidence. A court may not set aside a verdict upon the weight of the evidence upon a mere difference of opinion between the court and jury. *Remington* v. *Harrington*, 8 Ohio 508; *McGatrick* v. *Wason*, 4 Ohio St. 566. See *Abernethy* v. *Wayne County Branch of State Bank of Ohio*, 5 Ohio St. 266. But, where a court finds a judgment on a verdict manifestly against the weight of the evidence, it is its duty to set it aside. *Cleveland & Pittsburgh Rd. Co.* v. *Sargent*, 19 Ohio St. 438.

"Where the evidence is such that a case must be submitted to a jury to find for either the plaintiff or defendant, and where the trial court after its review of the evidence on a motion for a new trial is convinced that there is insufficient credible evidence to sustain a judgment upon a verdict, such court may grant not more than one new trial for that reason. * * *"

This basic distinction between the action of a trial court in granting a new trial and in directing a verdict or granting judgment notwithstanding the verdict is not one peculiar to Ohio. It is one of substantially universal recognition in Anglo-American jurisprudence. *E. g., Holland* v. *Brown* (1964), 15 Utah 2d 422, 426, 394 P. 2d 77, wherein it is stated:

"In appraising this action of the trial court, it is important to distinguish between the granting of a new trial and the entering of a judgment notwithstanding the verdict. As to the former, the trial court is indeed endowed with a wide latitude of discretion in granting a new trial when he thinks the jury's verdict results in manifest injustice. This power is necessary to fulfill his function of maintaining general supervision over litigation to guard against miscarriages of justice which sometimes occur at the hands of juries. * * *"

Although it would appear that prior to 1648 new trials had not been granted in England except for errors in the application of the law as shown by the record, the practice since that time has permitted the trial court to set aside a general verdict and grant a new trial even for matters dehors the record. See Graham, Law of New Trials (1855), pp. 2-10. See, also, the concurring opinion of Williams, J., in *Smith* v. *Times Publishing Co.* (1896), 178 Pa. 481, 503, 36 A. 296, containing an extensive discussion of the constitutional aspects and the common-law history of orders granting new trials.

Where an appellant complains of error in sustaining a motion for a directed verdict, taking the case from the jury, the appellate court should look at the evidence in the light most favorable to the exercise of the jury's function, that is, in favor of the appellant. If the appeal is

from an order overruling the motion for a directed verdict the appellate court should construe the evidence in favor of the appellee. 5 American Jurisprudence 323, Section 886.

On the other hand, where the appeal is from the granting of a motion for new trial, and the trial court's decision on the motion for new trial involves questions of fact, it has been held that the appellate court should view the evidence favorably to the trial court's action rather than to the original jury's verdict. 5 American Jurisprudence 2d 326, Section 887.

This rule of appellate review is predicated, in part, upon the principle that the discretion of the trial judge in granting a new trial on the weight of the evidence may be supported by his having seen and heard the witnesses and having formed a doubt as to their credibility, or having determined from the surrounding circumstances and atmosphere of the trial, that the jury's verdict resulted in manifest injustice. *Mooney* v. *Carter* (1945), 114 Colo. 267, 160 P. 2d 390. Cf. *Buckeye Irrigation Co.* v. *Askren* (1935), 45 Ariz. 566, 46 P. 2d 1068; *State, ex rel. Inter-State Oil Co.,* v. *Bland* (1945), 354 Mo. 622, 190 S. W. 2d 227; *Chisom* v. *Woodward Iron Co.* (1956), 265 Ala. 212, 90 So. 2d 816; *Larsen* v. *Webb* (1933), 332 Mo. 370, 58 S. W. 2d 967; *Johnson* v. *Ilwaco* (1951), 38 Wash. 2d 408, 229 P. 2d 878.

Although, as noted in the concurring opinion of Chief Justice Taft in *Price* (2 Ohio St. 2d 131), R. C. 2321.17, as amended in 1957, requires the trial court to specify in writing ''a valid reason for granting a new trial,'' and, as also noted therein, a failure to so specify can no longer indicate that the new trial *might* have been granted for a reason ''wholly within the discretion of the trial court, as on the weight of the evidence,'' that statute does not require a detailed statement or summary of fact as a prerequisite for granting a new trial on the weight of the evidence. In this case, the decision and the entry of the trial court explicitly states, as one of the grounds for granting a new trial, that the verdict of the jury is against the weight of the evidence. The entry is even more ex-

plicit, referring particularly to the nature of the evidence (negligence and proximate cause) which, in the opinion of the court, was found to be insufficient to sustain the verdict.

The Court of Appeals found no abuse of discretion in such respect. Such a review involves an evaluation or weighing of the evidence, a task which is beyond the scope of the duties of this court. R. C. 2505.31; *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84, 85; *State, ex rel. Kobelt,* v. *Baker* (1940), 137 Ohio St. 337, 340; 3 Ohio Jurisprudence 2d 782, Section 806.

R. C. 2321.17(D) authorizes the granting of a new trial on the basis of "excessive damages, appearing to have been given under the influence of passion or prejudice." Here, the order of the trial court found that excessive damages had been awarded, but the order contained no finding that the award of damages appeared to have been given under the influence of passion or prejudice. However, in *Schendel* v. *Bradford* (1922), 106 Ohio St. 387, this court concluded that, in an action for wrongful death, "the amount of pecuniary injuries sustained is an issuable fact" and where such damages are found to be excessive, "such finding involves the weight of the evidence." In paragraph three of the syllabus, it was held that:

"A reviewing court, having the power and authority to reverse on the weight of the evidence, finding the judgment and verdict excessive, but not the result of passion or prejudice, may reverse if the judgment and verdict are not sustained by sufficient evidence."

It would appear that the finding of excessive damages by the trial court was predicated upon the authority of paragraph (F) of R. C. 2321.17, and is not limited by the "passion and prejudice" language of paragraph (D) of that statute.

Thus, all that we have heretofore stated as to the scope of the authority of a trial court to grant a new trial on the weight of the evidence is equally applicable to this portion of the court's decision and entry.

At the request of counsel for the plaintiffs the court gave the following special charge:

"Members of the jury, I instruct you as a matter of

law that neither plaintiff Rebecca Rohde nor plaintiff beneficiaries in the wrongful death cause of action can be chargeable with negligence on the part of Kenneth Rohde, and therefore, if you find by a preponderance of the evidence that defendant Audrey June Farmer was *negligent in some degree* and such negligence proximately caused or contributed to cause injuries to plaintiff Rebecca Rohde or the death of Doris Rohde, then your verdict should be in favor of plaintiffs and against defendant, regardless of whether or not Kenneth Rohde was negligent.'' (Emphasis added.)

The same day the trial in this case began, this court decided *Myers* v. *Lawson Milk Co.* (1968), 14 Ohio St. 2d 111, holding, as indicated in the syllabus, that:

''1. Use of the phrases 'to some extent' and 'without respect to the degree or amount of negligence or either' in a special instruction to the jury on the issue of contributory negligence is prejudicial error, whether such phrases pertain to issues of negligence, contributory negligence, or proximate cause. (*Bahm* v. *Pttsburgh & Lake Erie Rd. Co.,* 6 Ohio St. 2d 192, followed.)

''2. Such words of qualification in a special instruction on contributory negligence tend to create confusion in the minds of the members of the jury when considering the issues of negligence, contributory negligence, and proximate cause, and the so-called two-issue rule of *Sites* v. *Haverstick,* 23 Ohio St. 626, has no application in a case where such words of qualification are used.''

While it is true, as asserted by appellants, that the language which was condemned in *Myers,* as well as in *Bahm,* had primary reference to the qualification of the word ''negligence'' on the issue of contributory negligence, we believe that the reasoning underlying those decisions compels the conclusion that it is error to so qualify the term ''negligence'' without regard to whether the negligence of either or both parties be the subject of consideration. We cannot, with logic, apply one rule when only the question of defendant's negligence is being considered, and a different rule when the question of plaintiff's negligence also is being considered.

In both *Myers* and *Bahm,* the language of modification of the term "negligence" was held by this court to constitute "prejudicial error." Thus, in each of those cases the judgment of the trial court was reversed solely upon the basis of the use of the forbidden words, and without regard to the state of the complete record as reflecting on the question of actual jury prejudice. Compare *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107. Even if we were to hold that the use of such forbidden qualification of the term "negligence" was *not necessarily prejudicial error,* in the instant case, the trial court found, as a matter of fact, that such "was prejudicial to the defendant." Such a finding involves a consideration of facts, which, in turn involves application of the principles heretofore discussed, *i. e.,* the right of the trial court to exercise a sound discretion. Irrespective of whether the trial judge was *compelled* by the rationale of *Myers* and *Bahm* to conclude prejudice as a matter of law, he was fully *authorized,* in the exercise of a sound discretion, to make such a determination.

The questions as to the basic authority of a trial court, heretofore discussed, have been somewhat obscured in this case by the fact that the court, both in its decision and entry, makes reference to a discussion the judge had with the jury and his impressions (a) as to the understanding, or misunderstanding, by the jury of the language of the special charge, and (b) as to the method by which the jury arrived at the monetary sum of $30,000 in the wrongful death action. We do not condone discussions by the court with members of the jury as to the thoughts or actions of the jury before final termination of the case in the trial court. Especially do we condemn the use of information thereby obtained as a basis for judicial rulings on post-trial motions. Such a practice is tantamount to the violation of the principle that the verdict of the jury may not be impeached by statments of members of the jury, unless there is evidence aliunde impeaching the verdict. Cf. *Kent* v. *State* (1884), 42 Ohio St. 426; *Goins* v. *State* (1889), 46 Ohio St. 457; *Schwindt* v. *Graeff* (1924), 109 Ohio St. 404; *Lund* v. *Kline* (1938), 133 Ohio St. 317,

However, where the order of the court is based upon considerations which do not require any statements of members of the jury to warrant the particular action of the court, we cannot conclude, merely because of the reference by the court to impressions gained by him from discussion with the jury (which only tend to support factual conclusions which he was warranted in making) that the order granting the new trial necessarily resulted from such an abuse of discretion as to require reversal. The Court of Appeals found no such abuse and we find no error in such respect.

For the foregoing reasons, the judgment of the Court of Appeals, sustaining the order of the Common Pleas Court granting a new trial, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER and DUNCAN, JJ., concur.

CORRIGAN, J., concurs in the judgment only.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

HERBERT, J., concurring. In my opinion, this court should not foreclose the possibility that a trial judge, by his actions of record subsequent to the verdict, can so taint the exercise of his discretion that his view of the credibility of the witnesses and his granting of a new trial upon the weight of the evidence are not entitled to the near "carte blanche" acceptance by a reviewing court which appears to emerge from the majority opinion.

The judgment of the Court of Appeals in this case should be affirmed because a prejudicially erroneous instruction was given to the jury. *Myers* v. *Lawson Milk Co.* (1968), 14 Ohio St. 2d 111, 236 N. E. 2d 542; *Bahm* v. *Pittsburgh & Lake Erie Rd. Co.* (1966), 6 Ohio St. 2d 192, 217 N. E. 2d 217; *Mills* v. *Pennsylvania N. Y. C. Transp. Co.* (1968), 16 Ohio St. 2d 97, 104, 243 N. E. 2d 99, footnote 1. *Cf. Schweinfurth* v. *C., C., C. & St. L. Ry. Co.* (1899), 60 Ohio St. 215, 54 N. E. 89, and *Wellston Coal Co.* v. *Smith* (1901), 65 Ohio St. 70, 80, 61 N. E. 143.