TOBLER, Admr.,

v.

HANNON, Admr.; Tye, Admr., Appellee; Nationwide Insurance Company, Appellant.

[Cite as *Tobler v. Hannon* (1995), 105 Ohio App.3d 128.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA94–10–083.

Decided July 10, 1995.

*Barbeau & Hake* and *James B. Barbeau*, for appellee Ellen Tye.

*Scheper & McGowan* and *Jack C. McGowan*, for appellant Nationwide Insurance Company.

---

WALSH, Presiding Judge.

This is an appeal by defendant-appellant, Nationwide Insurance Company ("Nationwide"), from an order of the Warren County Court of Common Pleas granting a new trial on the weight of the evidence.

Nationwide was the insurer of a Ford Mustang owned by Russell Tye of Cincinnati. In the afternoon of March 12, 1988, Tye's grandson, nineteen-year-old Eric Lilze, borrowed the Mustang and drove to visit a friend, Jennifer Sebree. Eric and Jennifer were eventually joined by Jennifer's friend, Glenna Hawk, and Jennifer's six-year-old son, Shawn. The four spent the next few hours driving around visiting family and friends. During that time, the three adults drank beer and whiskey and smoked marijuana. At one point, Jennifer asked Eric if she could drive the Mustang. Eric allowed her to do so. Shortly thereafter, Jennifer, traveling at approximately seventy-two m.p.h., drove the Mustang off the road. The car hit a tree and broke in half, killing the driver, Jennifer, the front-seat passenger, Eric, and one of the back-seat passengers, Jennifer's child, Shawn. Glenna Hawk, who was also sitting in the back seat, was seriously injured. At the time of her death, Jennifer's blood-alcohol level was 0.25 percent.

Cross-claim plaintiff-appellee, Ellen Tye, Eric's mother and administrator of his estate, sued Nationwide and R. Daniel Hannon, as administrator of the estate

of Jennifer Sebree, claiming that Jennifer's negligence while driving the car was the direct and proximate cause of Eric's death. Eric's estate sought damages of up to $750,000. After a two-day trial, the jury returned a unanimous verdict for Jennifer's estate and Nationwide.

Eric's estate then filed a motion for a new trial and for judgment notwithstanding the verdict, contending that the verdict was against the weight of the evidence. Nationwide opposed both motions. The trial court granted the motion for a new trial and denied the motion for judgment notwithstanding the verdict. Judgment was entered on October 13, 1994.

For its sole assignment of error, Nationwide states as follows:

"The trial court erred to the prejudice of defendant-appellant Nationwide in granting a new trial to the plaintiff-appellee."

The decision to grant a motion for a new trial when a judgment is not sustained by the weight of the evidence rests in the sound discretion of the trial court. Civ.R. 59(A)(6); *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685. A reviewing court cannot reverse a trial court's decision without a finding that the trial court abused its discretion. " 'Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court.' " (Footnote omitted.) *Antal v. Olde Worlde Products, Inc.* (1984), 9 Ohio St.3d 144, 145, 9 OBR 392, 393, 459 N.E.2d 223, 225, quoting *Rohde, supra*, at paragraph one of the syllabus. Moreover, when the trial court's decision concerns questions of fact, the generally accepted rule is that a reviewing court "should view the evidence favorably to the trial court's action rather than to the * * * jury's verdict." *Rohde, supra*, 23 Ohio St.2d at 94, 52 O.O.2d at 382, 262 N.E.2d at 692.

Here, the trial court held that the jury's verdict that Jennifer was not negligent was "at complete variance with the evidence produced at trial." The trial court found:

"If the Plaintiff had moved, at the close of all the evidence, for a directed verdict on the issue of the defendant-driver's negligence, the Court would have been compelled to grant the motion because reasonable minds can come to but one conclusion on that issue, *i.e.*, the defendant-driver was negligent and that negligence was a proximate cause of the accident."

Having reviewed the record in this case, we find that there is ample evidence to support the trial court's decision. The evidence introduced at trial indicates that Jennifer was legally intoxicated and driving at an excessive rate of speed at the

time of the accident. These factors alone contradict the jury's verdict that she was free of fault.

Accordingly, we find that the trial court has offered sound reasons for its decision granting a new trial. Therefore, we are unwilling to find that the trial court abused its discretion. The assignment of error is not well taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG and POWELL, JJ., concur.