JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant Leon Stewart ("Stewart") appeals the trial court's granting of defendants-appellees' Zone Cab Co. of Cleveland ("Zone Cab") and Timothy Misch's ("Misch") motion for new trial. Finding no merit to the appeal, the trial court's judgment is affirmed.
 {¶ 2} On May 6, 1997, Misch, who was operating a cab owned by Zone Cab, struck Stewart as he was walking across East 9th Street from west to east, headed toward the North Point Garage. Misch was exiting the North Point Garage, turning left to travel southbound on East 9th Street. Although East 9th Street is a six-lane road, Stewart was not crossing in a crosswalk.
 {¶ 3} At trial, Stewart testified that as he stepped into the street he was looking to his left and did not see any cars in the southbound lanes. When he reached the center lane, he looked to his right for traffic coming from the south.
 {¶ 4} Similarly, Misch admitted that he was watching for approaching traffic but was not looking where the front of his car was going. Despite the fact that he was not looking forward, Misch accelerated as he made his left turn through the northbound lanes and struck Stewart in the northbound center lane of East 9th Street. Stewart was thrown over the front of Misch's cab onto the hood and landed on the pavement when Misch applied his brakes.
 {¶ 5} Stewart went to Metro Health Medical Center, where he was examined, x-rays were taken, and he underwent a CAT scan of his brain. He incurred $4,300 in medical expenses from this emergency room visit and continued to experience headaches, nausea, and blurred vision for approximately two months after the accident. He had five follow-up visits with an internist, Dr. Karimpil, as well as physical therapy, and incurred additional medical expenses totaling $2,500.
 {¶ 6} Dr. Karimpil testified that when he first examined Stewart on May 14, 1997, the headache, nausea, and blurred vision had subsided but he diagnosed Stewart with a "closed-head" injury. When he last examined Stewart on July 2, 1997, he noted that Stewart's condition was "good."
 {¶ 7} On September 4, 1998, Stewart was examined by the defendants' medical expert, Dr. Donald Mann. Dr. Mann detected no neurological defects or indications of any residual conditions arising out of Stewart's closed-head injury and found that Stewart had made a complete recovery. Indeed, Stewart never claimed his injuries were permanent in nature.
 {¶ 8} Stewart also presented a claim for lost wages. He testified that as a result of his injuries he incurred lost wages of approximately $3,000 because he was unable to sit at his desk and perform his work.
 {¶ 9} The defendants presented evidence suggesting there was a light-and-buzzer system in operation on the day of the collision that was activated when cars exited the parking garage. The defendants attempted to show that the light-and-buzzer system would have alerted Stewart to the fact that a vehicle was exiting the garage and that his failure to watch for garage traffic caused the accident. The defendants also attempted to show that Stewart caused the accident by "jaywalking" across East 9th Street. Thus, the defendants claimed Stewart's own negligence was the proximate cause of the accident.
 {¶ 10} The jury, however, returned a verdict for Stewart and awarded him $85,000 in damages. In answers to interrogatories, the jury found Misch solely negligent and Stewart not contributorily negligent.
 {¶ 11} On November 13, 2000, the defendants filed a motion for judgment notwithstanding the verdict, or, alternatively, for a new trial or remittitur. Defendants also filed a notice of appeal, which divested the trial court of jurisdiction. In Stewart v. Zone Cab of Cleveland, Cuyahoga App. No. 79317, 2002-Ohio-335, this court remanded the case for a ruling on the post-trial motions.
 {¶ 12} The trial court denied defendants' motion for judgment notwithstanding the verdict, but granted their motion for a new trial. The court found that the jury's finding on liability and the amount of damages they awarded Stewart was not sustained by the manifest weight of the evidence. This appeal followed.
 {¶ 13} In his sole assignment of error, Stewart argues the trial court abused its discretion in concluding that the jury verdict rejecting defendants' comparative negligence argument and finding the defendants solely negligent was against the manifest weight of the evidence. Specifically, Stewart argues the evidence supported a finding that he was not contributorily negligent because: (1) Misch caused the accident by failing to look forward when he drove his car into Stewart, (2) defendants' "light-and-buzzer" theory was effectively rebutted, (3) Stewart was not illegally "jaywalking," and further that the damage award was supported by substantial, competent, and credible evidence.
 {¶ 14} Pursuant to Civ.R. 59(A)(6), a new trial may be granted when a judgment is not sustained by the weight of the evidence. The trial court's decision to grant a new trial will not be reversed absent an abuse of discretion. Tobler v. Hannon (1995), 105 Ohio App.3d 128, 130, citing Rohde v. Farmer (1970), 23 Ohio St.2d 82. In determining whether a new trial is warranted, the trial court "must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence." Rohde, supra, paragraph three of the syllabus.
 {¶ 15} As a reviewing court, we are required to "view the evidence favorably to the trial court's action rather than to the original jury's verdict." Id. at 94. "This deference to a trial court's grant of a new trial stems in part from the recognition that the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the `surrounding circumstances and atmosphere of the trial.'" Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440,448, quoting Rohde v. Farmer, 23 Ohio St.2d at 94.
 {¶ 16} However, the trial court's discretion to grant a new trial on grounds that a verdict is against the manifest weight of the evidence is not absolute. The trial court cannot set aside a jury verdict lightly by simply making conclusory statements not grounded in the evidence.Gedetsis v. Anthony Allega Cement Contractors, Inc., Cuyahoga App. No. 64954, 1993 Ohio App. LEXIS 4482. The trial court cannot simply substitute its opinion for that of the jury. Id.; Whites v. DeBartoloRealty Partnership, Cuyahoga App. No. 73336, 1998 Ohio App. LEXIS 4808. As with other questions concerning the manifest weight of the evidence, "the trial court's discretionary action in granting a new trial must be supported by competent, credible evidence in order for a reviewing court to affirm that decision." Schlundt v. Wank, Cuyahoga App. No. 70978, 1997 Ohio App. LEXIS 1517, citing Gedetsis v. Anthony, supra.
 {¶ 17} After a careful review of the record, we find there is competent, credible evidence supporting the trial court's finding that Stewart used less than reasonable care when he attempted to cross East 9th Street on the date of the accident. It is undisputed that Stewart crossed East 9th Street outside a crosswalk. Defendants claimed Stewart was negligent per se because he was crossing a busy six-lane roadway outside a crosswalk. Stewart claimed he was lawfully crossing the street outside the crosswalk because the crosswalk was over 300 feet away.
 {¶ 18} However, whether Stewart was "jaywalking" is irrelevant because even if he was not jaywalking, he had a duty to use reasonable care when crossing the street to avoid an accident. It is undisputed that neither he nor Misch saw each other prior to the accident. Stewart testified he was looking to his right for traffic approaching in the northbound lanes. Meanwhile, Misch's cab was entering the roadway from the garage exit directly across the street. Vehicles exiting the garage added to the flow of traffic on East 9th Street.
 {¶ 19} Stewart admitted that he did not see Misch's vehicle before it struck him, which suggests he was not looking for traffic exiting the North Point Garage. Stewart should not only have been looking for traffic in the northbound and southbound lanes, but should also have been alert for traffic exiting the garage directly across the street. Moreover, East 9th Street is a six-lane road. Even if Stewart was not required by law to cross the street in a crosswalk because the nearest crosswalk was over 300 feet away, it was not reasonable to attempt to cross a busy six-lane road outside a crosswalk, especially with the additional hazard posed by vehicles exiting the North Point Garage. This fact alone is competent, credible evidence demonstrating Stewart was using less than reasonable care while crossing the street. Under these circumstances, the jury's finding that Stewart was not in any way negligent was against the manifest weight of the evidence.
 {¶ 20} There is also competent, credible evidence supporting the trial court's decision that the jury's award of $85,000 was not sustained by the weight of the evidence. While it is undisputed that Stewart was struck by Misch's cab and that he was injured as a result of the accident, the evidence proved Stewart's injuries were not serious and his expenses were limited. The cost for his emergency room visit was approximately $4,300. The cost of his follow-up doctor visits and physical therapy was approximately $2,500. And he claimed $3,000 in lost wages. Thus, his medical and lost wage expenses totaled less than $10,000.
 {¶ 21} The jury, however, awarded Stewart $85,000, which included $75,000 for pain and suffering. Stewart testified that his legs, back, and neck were sore after the accident and that he suffered dizziness and headaches. He further testified that these symptoms interfered with his ability to concentrate at work for approximately three weeks. Dr. Karimpil, his treating physician who examined him one week after the accident, found that these symptoms had subsided. The doctor further testified that when he last examined Stewart, less than two months after the accident, Stewart's condition was "good." Stewart never claimed he suffered any permanent injury and the defendants' medical expert found that he had made a complete recovery. Although an award of damages for pain and suffering would be reasonable, an award of $75,000 for pain and suffering is not sustained by the weight of the evidence under these circumstances.
 {¶ 22} Thus, while it is undisputed that Stewart was injured, there was competent, credible evidence to support the trial court's decision that the jury's award of $85,000 in damages was not sustained by the weight of the evidence. Accordingly, the sole assignment of error is overruled.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J. and DIANE KARPINSKI, J. concur.