OPINION
{¶ 1} Appellant, Loom Lodge 0472 Conneaut, appeals from a judgment of the Franklin County Court of Common Pleas, affirming a decision of appellee, Ohio Liquor Control Commission ("commission"), ordering appellant to either pay a forfeiture in the amount of $20,000 or serve a 100-day suspension. Appellant sets forth the following assignments of error:
I. The lower court erred in finding that the decision of the liquor control commission was in accordance with law, because the search warrant was issued improperly as there was no probable cause to issue the warrant and because of problems with the warrant.
II. The lower court erred in finding that the decision of the liquor control comission was supported by reliable, probative and substantial evidence.
 {¶ 2} The following facts are taken from the stipulations contained within the record. On the evening of April 4, 2001, Agent Aaron Reese, of the Ohio Department of Public Safety, Liquor Enforcement, rang the doorbell at the permit premises and was greeted by a blond Caucasian woman who was wearing glasses. Agent Reese observed the woman holding tickets in her hand and asked if he could enter the premises. While Agent Reese was engaged in conversation with her, he observed a sign inside the premises that stated: "Daily Drawing." Agent Reese heard an unidentified man inside the premises yell to the woman, "Don't let him in, he could be a liquor agent." The woman told Agent Reese that she could not let him in, and Agent Reese left the premises without incident in order to obtain a search warrant for illegal gambling.
 {¶ 3} On April 6, 2001, Agent Reese swore to the following facts in an affidavit before Judge Alfred Mackey of the Ashtabula County Court of Common Pleas:
* * * That in the city of Conneaut, county of Ashtabula, and state of Ohio, in and on the premises known as Loom Lodge 0472, located at 280 Park Ave, Conneaut, Ohio the following offenses have occurred, to wit: a violation of Ohio Revised Code Section 2915.02 entitled Gambling, a misdemeanor of the first degree, and that on the premises known as Loom Lodge 0472 located at 280 Park Ave., Conneaut, Ohio there is evidence of said crime.
The facts upon which the affiant bases such belief and the facts tending to establish ground for the issuance of a search warrant are as follows: On April 04, 2001 at approximately 7:45 pm, Agent Aaron Reese # 232 attempted to enter the permit premises known as Loom Lodge 0472. Agent Aaron Reese rang the doorbell and was greeted by a Caucasian Female, Blond hair wearing glasses. Agent Aaron Reesse [sic] observed the unidentified female holding tip tickets in her hand Agent Aaron Reese asked the female if he could enter the premises. Agent Aaron Reese also observed a sign inside the premises that stated "Daily Drawing" while engaged in a conversation with the unidentified female, Agent Aaron Reese heard a[n] unidentified male yell to the female "Don't let him in, he could be a Liquor Agent." The unidentified female told Agent Aaron Reese that she could not let him in. Agent Aaron Reese left the premises without further incident.
Based upon the above facts, the Affiant believes that there exists probable cause to search the premises known as Loom Lodge 0472 located at 280 Park Avenue, Conneaut, Ohio Ashtabula County, for evidence of the violation of the Ohio Revised Code Section 2915.02.
Affiant avers that it is urgently necessary that the above mentioned premises be searched in the day season, to prevent the loss, destruction, removal or concealment of the items sought.
 {¶ 4} Later that day, Agent Reese returned to the permit premises, along with Agents Shawn Tatter and Kimberly Bartholomew to execute the search warrant. The agents entered the premises, identified themselves to the on-duty bar maid, Darlene Cole, and informed her of the search warrant. Agent Tatter identified himself to the club manager, Roy Dickson, informed him of the search warrant, and provided him with a copy of the search warrant.
 {¶ 5} Agent Tatter observed a stamp machine in the corner of the bar area, placed 25 cents in the machine and activated the machine, causing a stamp tip ticket to dispense from the bottom of the machine. The machine was confiscated, along with all gambling related items, including numerous intact tip tickets and $6,764.15 in United States currency.
 {¶ 6} The agents also found monies for a daily, weekly, and monthly drawing. Upon being interviewed, Mr. Dixon stated that the club usually earned $2,000 a week on the tip ticket sales and that the monies went into the general fund, which was used to pay the bills of the establishment. Mr. Dixon stated that a portion of the monies was donated to various charities. Mr. Dixon also stated that the drawings were "winner-take-all," but that if no one claimed the money, it was placed in the general fund.
 {¶ 7} The agents also found several winning tip tickets in the cash register where winnings were paid out to members. Agent Bartholomew prepared an evidence intentory sheet in the presence of Mr. Dixon, reflecting all items confiscated, and Mr. Dixon signed that inventory as being true and accurate.
 {¶ 8} At the February 12, 2002 hearing, appellant entered a plea of denial with stipulation as to violations three and six, which provide as follows:
Violation #3: On or about April 6, 2001, your agent and/or employee(s), DARLENE COLE and/or ROY DIXON and/or your unidentified agent and/or employee did permit and/or allow in and upon the permit premises gaming or wagering on a game of skill or chance to wit, Stamp Machine in violation of Regulation 4301:1-53, Ohio Administrative Code.
* * *
Violation #6: On or about April 6, 2001, your agent and/or employee(s), DARLENE COLE and/or ROY DIXON and/or your unidentified agent and/or employee did permit and/or allow in and upon the permit premises gaming or wagering on a game of skill or chance to wit, tip tickets in violation of Regulation 4301:1-1-53, Ohio Administrative Code.
 {¶ 9} In an order issued February 26, 2002, the commission found appellant had committed the two violations and gave appellant the option of serving a suspension of 100 days or paying a $20,000 forfeiture. Pursuant to R.C. 119.12, appellant filed an administrative appeal with the Franklin County Court of Common Pleas. Appellant asserted two assignments of error: (1) that Agent Reese's affidavit in support of the search warrant did not provide probable cause for Judge Mackey to issue the search warrant; (2) the agents did not read Mr. Dixon his Miranda
rights, thereby rendering his statements inadmissible; (3) the record does not contain reliable, probative, and substantial evidence of a violation of Ohio Adm. Code 4301:1-1-5(B); and (4) the commission's order violates the prohibition against excessive fines set forth in theEighth Amendment to the United States Constitution and Section 9, Article I, of the Ohio Constitution.
 {¶ 10} By decision dated March 13, 2003, the trial court concluded that the affidavit did contain a substantial basis for concluding that probable cause existed to believe that illegal gambling devices, namely tip tickets, would be found in the permit premises, that the agents were not required to read Mr. Dixon his Miranda rights because he was not in police custody at the time he made a statement, that the presence of tip tickets supplied the requisite evidence of a violation, and that the commission was authorized to suspend appellant's permit for 100 days and to allow time to pay a $200-per-day forfeiture, rather than suspend operations under the permit. As such, the trial court affirmed the issue of the Liquor Control Commission, and this appeal followed.
 {¶ 11} An appeal from an administrative agency in Ohio is governed by R.C. 119.12, which provides in pertinent part, as follows:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
 {¶ 12} The court of common pleas is restricted to determining whether the order is so supported. Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571. In Lorain City Bd. of Edn. v. StateEmp. Relations Bd. (1988), 40 Ohio St.3d 257, the court set out the rule of an appellate court, as follows:
In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "`* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" State exrel. Commercial Lovelace Motor Freight, Inc. v. Lancaster (1986),22 Ohio St.3d 191, 193 * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82 * * *.
Id. at 260-261.
 {¶ 13} In appellant's first assignment of error, appellant contends that Agent Reese's affidavit in support of the search warrant did not provide probable cause for the judge to issue the search warrant. As the trial court noted, in State v. George (1989), 45 Ohio St.3d 325, the Ohio Supreme Court held in paragraphs one and two of the syllabus, as follows:
1. In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Illinois v.Gates [1983], 462 U.S. 213, 238-239, followed.)
2. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v.Gates [1983], 462 U.S. 213, followed.)
 {¶ 14} Ohio Adm. Code 4301:1-1-53(B) provides, as follows:
No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises, of the permit holder of any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01 of the Revised Code.
 {¶ 15} Pursuant to this court's decision in Weller v. Ohio LiquorControl Comm., Franklin App. No. 02AP-333, 2002-Ohio-6308, tip tickets constitute "gambling devices" within the scope of R.C. 2915.01(F)(2).
 {¶ 16} After reviewing the affidavit and the trial court's decision, this court concludes that the trial court did not abuse its discretion in finding that Judge Mackey did have a substantial basis for concluding that probable cause existed to believe that illegal gambling devices, specifically tip tickets, would be found at the permit premises. As such, appellant's first assignment of error is not well-taken and is overruled.
 {¶ 17} In the second assignment of error, appellant contends that the trial court's decision was not supported by reliable, probative, and substantial evidence. This court notes that appellant stipulated to the facts as found in the investigation report. Part of appellant's argument focuses on appellee's contention that the statements made by Mr. Dixon were not admissible. Appellant contends that Mr. Dixon was not read hisMiranda rights. However, this court agrees with the conclusion of the trial court that Mr. Dixon was not in police custody at the time he made his statements and appellant's argument lacks merit. See Miranda v.Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602.
 {¶ 18} The record in this case establishes that appellant impermissibly allowed gambling in its liquor establishment. Tip tickets were confiscated, and the stipulated record shows that appellant received income as a result of the gambling machine being used on its premises. Mr. Dixon specifically stated that the club usually earned $2,000 a week on the tip ticket sales and that the monies from the tip ticket sales went into the general fund, which was used to pay the bills for the establishment. The trial court found that the presence of tip tickets alone was enough to show reliable, probative, and substantial evidence of a violation pursuant to Weller, supra. Upon review, this court finds that the trial court did not abuse its discretion. As such, appellant's second assignment of error is not well-taken and is overruled.
 {¶ 19} Based on the foregoing, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bryant and Brown, JJ., concur.