OPINION
{¶ 1} This is an appeal from an order of the court of common pleas that granted a plaintiff's motion for a new trial on a jury verdict for the defendant in a personal injury case.
 {¶ 2} Plaintiff, Timothy E. McMullin, was seriously injured when he was struck by a pickup truck driven by *Page 2 
Defendant, Eric Johnsman, while McMullin was crossing State Route 118 on foot. McMullin was part of a crowd attending the annual World 100 race at the Eldora raceway. Johnsman was traveling with three friends toward a bar in Greenville.
 {¶ 3} McMullin commenced an action against Johnsman and several other defendants on claims for personal injuries. Following dismissals ordered by the court, the case proceeded to a jury trial on the claim against Johnsman alone. On an interrogatory submitted to it, the jury found that Johnsman was not negligent in operating his pickup truck when it struck McMullin. (Dkt. 232). Accordingly, the jury returned a general verdict for Johnsman.
 {¶ 4} McMullin filed a combined Civ. R. 50(B) motion for judgment notwithstanding the verdict and Civ. R. 59(A)(6) motion for new trial on his contention that the judgment for Johnsman was not sustained by the weight of the evidence. (Dkt. 234). The trial court denied the motion for a judgment notwithstanding the verdict, but granted the motion for a new trial. (Dkt. 238). Johnsman filed a timely notice of appeal.
 {¶ 5} Johnsman presents two assignments of error for review. In both, he argues that the trial court abused its discretion when it granted McMullin's motion for a new trial. Johnsman's contentions in support of each assignment are *Page 3 
substantially the same. The two assignments of error will be considered together.
 {¶ 6} Civ. R. 59(A) authorizes the court to order a new trial following a judgment entered on the jury's verdict, and it sets forth nine specific grounds for granting a new trial. The Rule further provides:
 {¶ 7} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
 {¶ 8} "When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted."
 {¶ 9} "We review the trial court's decision to grant a new trial on the abuse of discretion standard. Tobler v. Hannon (1995),105 Ohio App.3d 128, 663 N.E.2d 732. Whether that standard requires reversal is determined on a case-by-case basis, in relation to the facts involved.Mannion v. Sandel, 91 Ohio St.3d 318, 744 N.E.2d 759, 2001-Ohio-47. However, as applied to review of a decision to grant a new trial, `the abuse of discretion standard requires a reviewing court to "view the evidence favorably to the trial court's action rather than to the original jury's verdict."' Malone v. Courtyard By Marriott LimitedPartnership, 74 Ohio St.3d 440, *Page 4 
448, 659 N.E.2d 1242, 1996-Ohio-311, quoting Rhode v. Farmer, at 94,262 N.E.2d 685. `This deference to the trial court's grant of a new trial stems in part from the recognition that the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the "surrounding circumstances and atmosphere of a trial."' Id." Stephenson v. Upper Valley Family Care, Inc. Miami App. No. 07CA12, 2008-Ohio-2899, ¶ 75.
 {¶ 10} McMullin's motion for a new trial invoked Civ. R. 59(A)(6), which allows the court to order a new trial upon its finding that "[t]he judgment is not sustained by the weight of the evidence." On that claim, the court must review the evidence and pass in a limited way on the credibility of the witnesses. Atkinson v. International Technegroup,Inc. (1995), 106 Ohio App.3d 349. It must appear to the court that a manifest injustice has been done and that the verdict is against the manifest weight of the evidence. Rhode v. Farmer (1970),23 Ohio St.2d 82.
 {¶ 11} The review the trial court performs, while it requires the court to weigh the evidence, does not permit the court to usurp the function of the jury. Poske v. Mergl (1959), 169 Ohio St. 70. "A court may not set aside a verdict upon the weight of the evidence upon a mere difference of *Page 5 
opinion between the court and the jury." Id., at 74. Furthermore:
 {¶ 12} "Where the verdict of the jury is one clearly possible under the evidence produced and the law and the jury was fully and correctly instructed as to the law applicable upon the evidence, it is error for the trial court to vacate the judgment and grant a new trial. Mere disagreement with the verdict of the jury does not warrant such action."
 {¶ 13} Parm v. Patton (1969), 20 Ohio App.3d 83, Syllabus by the Court.
 {¶ 14} The record demonstrates that, on Saturday, September 6, 2003, Defendant Johnsman was operating his pickup truck southbound on State Route 118, traveling toward Greenville. He had three other passengers: his girlfriend, who was seated next to him, a male friend who was seated next to the passenger door, and a female who sat in the friend's lap.
 {¶ 15} Eldora Speedway is situated off State Route 118. On that date, a major automobile racing event that had attracted thousands of persons was being held. People were on the grounds of Eldora Speedway and on the opposite side of the State Route 118, where some had camped overnight. Plaintiff McMullin was one of those campers, having arrived there with friends from his home in Kentucky the day or evening before. *Page 6 
 {¶ 16} Defendant Johnsman's vehicle approached the area of the speedway and campground shortly after 8:00 p.m. Johnsman testified that he was traveling at 55 MPH, the speed limit.
 {¶ 17} Vehicles were parked along both sides of the road. Between 30 to 40 pedestrians were walking along both sides.
 {¶ 18} As Johnsman's vehicle neared the pedestrians, one of them stepped into his vehicle's path. Johnsman removed his foot from the accelerator pedal, preparing to slow down, and sounded his vehicle's horn several times. Shortly after that, another pedestrian, Plaintiff McMullin, suddenly and unexpectedly walked into the path of Johnsman's vehicle when McMullin began to cross the highway from the speedway toward the campground.
 {¶ 19} Johnsman immediately depressed and "locked" the vehicle's brakes with his foot to avoid striking McMullin, causing it to leave skid marks on the roadway. The marks were later measured at 108 feet in length. At some point during the skid, Johnsman's vehicle struck McMullin, throwing his body ten feet into the air before landing on the pavement.
 {¶ 20} The evidence was undisputed that, from the length of the skid marks it left, Johnsman's vehicle was traveling between 47 and 51 MPH when it began to leave the skid marks. Three off-duty deputy sheriffs who were on the campground side *Page 7 
of Route 118, working private duty, testified that Johnsman's vehicle, as it approached, was traveling at a "high rate of speed" (T. 422) and "a bit too fast for the conditions" (T. 423), "in a fast speed" or "faster than any other cars" (T. 448), and fast enough to prompt one deputy to try to "motion the truck to slow down." (T. 462). None of those witnesses quantified the vehicle's speed, however,
 {¶ 21} Johnsman testified that he was unable to stop in order to avoid striking McMullin. McMullin testified that he has no memory of the accident. None of the other witnesses who testified saw Johnsman's vehicle strike McMullin. It is undisputed that no marked crosswalk was in place where McMullin was struck when he began to cross Route 118 toward the campground.
 {¶ 22} Johnsman testified that his vehicle's headlights were on and that the lights at the speedway were illuminated, and that it was then dark. The deputies testified that the sun had set, but that it was still light and not yet dusk. Johnsman also testified that he ran to McMullin when Johnsman emerged from his truck, but that was disputed, though the evidence on the matter was mixed.
 {¶ 23} In specifying the grounds on which it granted McMullin's motion for a new trial, the court wrote: *Page 8 
 {¶ 24} "In this case, the Plaintiff argues that the uncontroverted evidence is that Defendant was negligently operating his motor vehicle when driving on State Route 118 while pedestrians and motor vehicles were on and near the roadway for a racing event at Eldora Speedway. This conclusion is supported by the testimony that the Defendant's speed was between 47 and 51 MPH (in a 55 MPH posted zone) at the time his skid marks began, which was just prior to impact with the Plaintiff. The conclusion is also supported by the testimony of four police officers that the vehicle was moving too fast for the conditions at that time.
 {¶ 25} "In opposing the motion, the Defendant asserts that the Court should not interfere with the verdict of the jury since the jury is in the best place to weigh the evidence and to assign credibility,State v. DeHass (1967), 10 Ohio St.2d 230, and that the Court should not set aside the jury's verdict simply because it disagrees with the jury's verdict, Poske v. Mergl (1959), 169 Ohio St. 70. Also, the Defendant reminds the Court that his speed was less than the posted limit by four to eight miles per hour. Ultimately, the Defendant claims that the Plaintiff failed to meet his burden of proof because the jury determined that the Defendant was not negligent in the operation of his motor vehicle. *Page 9 
 {¶ 26} "In rendering this decision, the Court is mindful of the testimony presented by both parties on all issues. The decision is not influenced by which party was the proponent of the evidence. That having been said, it is clear to the Court that the manner by which the Defendant was operating his vehicle at the time of its impact with the Plaintiff was unsafe for the conditions when considering the traffic conditions, numerous pedestrians at this highly attended racing event, the vehicles parked along the roadway, the time of day, the existence of four occupants in the only seat of the pickup truck, the diminishing light conditions, and other facts as presented at trial. Further, four law enforcement officers testified that the vehicle was traveling too fast for the conditions. As such, the Court concludes as a matter of law that the Defendant was clearly negligent in the operation of his vehicle. [See 4511.21(A) regarding the prohibition against operating a motor vehicle in excess of speeds reasonable for the conditions.]" (Dkt. 238, pp. 3-4).
 {¶ 27} The grounds the court specified address the weight of the evidence standard of Civ. R. 59(A)(6). However, and perhaps because it was mindful of the prohibition of Poske v. Mergl that it cited, the court held that McMullin is entitled to relief pursuant to Civ. R. 59(A)(1). That Rule permits the *Page 10 
court to order a new trial for an "[i]rregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate or abuse of discretion, by which an aggrieved party was prevented from having a fair trial." The irregularity the court found was that, for the reasons cited by the court, the jury's interrogatory finding that Johnsman was not negligent was incorrect, making the general verdict the jury returned in favor of Johnsman inconsistent with the interrogatory answer the jury ought to have given.
 {¶ 28} The court's rationale implicates Civ. R. 49(B), which permits the court to enter a judgment in accordance with the jury's answer to an interrogatory when the answer is inconsistent with the jury's general verdict. Otherwise, when the two are consistent, "the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58." Id. Rule 58 requires the court to enter a judgment on the jury's general verdict.
 {¶ 29} Civ. R. 49(B) imposes a test of facial and logical consistency. In the present case, the jury's general verdict for Johnsman was wholly consistent with its interrogatory answer that Johnsman was not negligent. The trial court therefore erred when it found an inconsistency between the *Page 11 
two, and on that basis held the purported inconsistency was an "irregularity" that permitted the court to order a new trial pursuant to Civ. R. 59(A)(1). Such irregularities are not substantive, but are instead departures from a due, orderly and established mode of proceeding that denies a party a fair trial.
 {¶ 30} Though the court misapplied Civ. R. 59(A)(1) as it did, the grounds the court specified were in accord with the Civ. R. 59(A)(6) weight of the evidence grounds that McMullin's motion invoked. "Where a court finds a verdict not sustained by sufficient evidence, it may likewise find an answer by the jury to an interrogatory to be against the weight of the evidence." Poske v. Mergl, paragraph three, Syllabus by the court. Addressing that matter, the court observed that it probably would have directed a verdict for McMullin on the issue of Johnsman's negligence had a Civ. R. 50(A) motion been filed. The directed verdict would have required the jury to weigh the comparative negligences of McMullin and Johnsman, which the court believed the jury had improperly done.
 {¶ 31} The trial court relied on R.C. 4511.21(A), which provides:
 {¶ 32} "No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is *Page 12 
reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
 {¶ 33} The duty that R.C. 4511.21(A) imposes presents an issue of fact: whether the driver was operating his vehicle at a speed that was reasonable under the circumstances, so as to permit him to bring the vehicle to a safe stop when necessary. R.C. 4511.48(A) requires pedestrians crossing a roadway at any point other than within a marked crosswalk to yield the right of way to oncoming vehicles. Therefore, when a pedestrian enters the path of a motor vehicle within the operator's assured clear distance ahead, and is struck, the driver's alleged violation of R.C. 4511.21(A) requires proof that the pedestrian came into the driver's view at a sufficient distance to have permitted the driver to safely stop before striking the pedestrian. Erdman v.Mestrovich (1951), 155 Ohio St. 85.
 {¶ 34} The trial court correctly instructed the jury on the duties imposed on the parties, respectively, by R.C. 4511.21(A) and 4511.18(A), vis-a-vis their respective duties *Page 13 
of care. (T. 945-948). The court told the jury that "[b]efore you can find the Plaintiff acted negligently, the Defendant must prove by a preponderance of the evidence that the Plaintiff lost the right-of-way by failing to exercise ordinary care when he crossed the roadway." (T. 948). The court also instructed the jury on the issue of comparative negligence (T. 948-950), telling the jury that "if you find that the Plaintiff was negligent, that his plaintiff negligence was a proximate cause of his injuries," . . . and that "the Plaintiff's negligence is more than 50 percent then (you must grant) a general verdict for the Defendant." (T. 950).
 {¶ 35} Johnsman cites evidence that his vehicle was traveling at the fifty-five miles per hour posted speed limit; that he sounded his horn as he approached the point where pedestrians had gathered, and that all but McMullin avoided Johnsman's vehicle; that there was no oncoming traffic at the time; that conditions ranged between daylight and dusk, and that his truck's headlights were on; that there was no evidence that the other three persons who shared the bench seat of his truck with Johnsman (one sat on the lap of another) affected Johnsman's ability to operate his vehicle safely; that the vantage point of the deputies whose testimony *Page 14 
the court cited was not good, and only one of them testified that Johnsman was traveling too fast for the surrounding conditions.
 {¶ 36} Johnsman argues that the court improperly weighed the evidence, but the court must at least review the evidence in order to determine whether a manifest injustice has been done and the verdict is against the manifest weight of the evidence. Rhode v. Farmer. What the court may not do is to so find because the judge would have decided differently.Poske v. Mergl; Parm v. Patton.
 {¶ 37} Our review requires us to view the evidence favorably to the trial court's decision to grant a new trial rather than to the jury's verdict. Malone v. Courtyard By Marriott Limited Partnership. We agree that the evidence the court cited in ordering a new trial could support a finding that Johnsman operated his truck negligently. But, we also believe that reasonable minds could find otherwise. In that event, it is error for the court to vacate the judgment and order a new trial when the jury has been properly instructed. Parm v. Patton.
 {¶ 38} The court's statement that it would have directed a verdict for Plaintiff McMullin on the issue of negligence is not consistent with the reasonable possibility that the jury, *Page 15 
on the evidence and law before it, could have returned the verdict for Defendant Johnsman that it reported to the court. The court's view of the matter appears to have driven its conclusion, based on the court's own view of the evidence, that Johnsman was at fault. The fact that the court would have found differently than the jury did with respect to that issue does not portray a manifest injustice that would permit the court to order a new trial pursuant to Civ. R. 59(A)(6) when the jury was properly instructed on the issue of negligence.
 {¶ 39} The court appears to have been concerned that the jury weighed the comparative negligences of McMullin and Johnsman without first finding that Johnsman was negligent, which is a finding it should have made. Perhaps that's what happened, but on this record, we cannot know. The critical issue is whether the jury's verdict for Johnsman was so against the weight of the evidence as to create a manifest injustice. A manifest injustice has not occurred when, even viewing the evidence favorably to the trial court's action, reasonable minds could have arrived at the verdict the jury returned.
 {¶ 40} We conclude that the trial court abused its discretion in finding that a manifest injustice occurred, *Page 16 
relying on its own view of the evidence instead of the jury's to conclude that Johnsman was negligent, when, even construing the evidence favorably to the court's decision to order a new trial, reasonable minds could view the evidence as supporting the jury's verdict for Defendant and the interrogatory response on which the verdict was founded. The assignments of error are sustained. The order granting a new trial will be reversed and vacated.
WOLFF, P.J. And FAIN, J., concur.
Copies mailed to:
 Hon. Jonathan P. Hein *Page 1