OPINION
{¶ 1} Appellant, Kenneth Valerian, appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of the Ohio Liquor Control Commission ("commission") revoking appellant's liquor permit. Appellant assigns a single assignment of error:
The trial court erred in determining that the penalty imposed in this matter was fair, impartial and proper; that the appellant had adequate notice and the process of revoking the appellant's permiut [sic] was constitutional.
 {¶ 2} Because the common pleas court properly concluded that the order of the commission is supported by substantial, reliable, and probative evidence and is in accordance with law, we affirm.
 {¶ 3} Appellant is the owner and liquor permit holder for Northfield Beverage, a liquor carryout business. Appellant became the permit holder in 1998 after his parents transferred the business to him.
 {¶ 4} Appellant's business was investigated in July 2001 after a complaint that appellant was purchasing liquor in violation of R.C.4303.35. Pursuant to the investigation, it was discovered that appellant had purchased Smirnoff Ice, Mike's Hard Lemonade, and Bass Ale from another retailer, Marc's in Solon, Ohio. Appellant admitted that he had made the purchases because the retailer had made a pricing error, which allowed appellant to purchase the items at a lower price. As such, appellant admitted that he was able to increase his profit margin by purchasing the items at a lower rate. Furthermore, appellant also admitted that he knew that this type of activity was in violation of Ohio's liquor laws. It was determined that appellant had been knowingly violating the law for over six months.
 {¶ 5} Following the investigation, the matter was set for hearing on June 6, 2002, and notice was provided to appellant. Ultimately, the commission revoked appellant's Ohio liquor permit effective July 2, 2002. Appellant filed a motion for rehearing/reconsideration with the commission; however, the commission, in its June 18, 2002 order, denied that motion for the following reason:
Mr. Valerian knowingly violated the law for over six months. He knowingly broke the law to make even more profits than what he was already making with his state agency store. This was no accident. He discovered Marc's had made a pricing error and decided to take advantage of it. He made a knowing violation of the law based on greed.
Mr. Valerian purchased quantifies of Smirnoff Ice from a male he only knew and identified as Jeff. The beverages were not delivered by a truck from a distributor but an unknown person's vehicle. The product was cheaper than the regulated state price. Mr. Valerian knowingly did this and acknowledges he knew he was breaking the law. This activity was illegal and the product was more than likely stolen merchandise. Anybody with any amount of commonsense that had been in the liquor business for years would know this.
The permit holder had an opportunity to attend the Hearing on June 6, 2002, but made a decision not to come. He now wants to blame an unnamed receptionist answering the phone in the Attorney General's office for his failure to appear at the Hearing and offer any mitigating testimony or explanation. Mr. Valerian knowingly violated the law, knowingly did not appear at the hearing, and the Motion does not fit under any of the grounds for rehearing under Rule 65(I).
 {¶ 6} Thereafter, appellant filed a timely administrative appeal in the Franklin County Court of Common Pleas pursuant to R.C. 119.12. On December 31, 2002, the trial court issued a decision affirming the revocation of appellant's liquor permit as ordered by the commission. The trial court's final judgment entry was filed on February 4, 2003. Thereafter, appellant filed the instant notice of appeal in this court.
 {¶ 7} Appellant has appealed pursuant to R.C. 119.12, which provides the following standard of review for the common pleas court:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
 {¶ 8} In Lorain Cty. Bd. of Edn. v. State Emp. Relations Bd.
(1988), 40 Ohio St.3d 257, the Ohio Supreme Court set forth the following standard of review for an appellate court in reviewing a judgment of the trial court which determines an administrative appeal:
In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "`* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' "State,ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986),22 Ohio St.3d 191, 193 * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82 * * *.
The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
Id. at 260-261.
 {¶ 9} In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, the Ohio Supreme Court defined the evidence required by R.C. 119.12 as:
* * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. * * * (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. * * * (3) "Substantial" evidence is evidence with some weight; it must have importance and value. * * *
(Footnotes omitted.) Id. at 571.
 {¶ 10} Thus, this court's standard of review is limited to whether the trial court abused its discretion in finding the commission's order is supported by reliable, probative, and substantial evidence or that it was in accordance with law.
 {¶ 11} In its sole assignment of error, appellant contends that the commission abused its discretion in revoking appellant's liquor permit. Appellant argues this revocation by the commission was an abuse of discretion, was unduly harsh, was not in accordance with law, and violates his constitutional rights.
 {¶ 12} In the present case, appellant unequivocally admitted to the charges before the commission. In accordance with the admission, the commission found the violation as charged. Because appellant admitted to the charge as set forth in the case before the commission, the commission's determination is supported by reliable, probative, and substantial evidence.
 {¶ 13} With regard to the penalty, R.C. 4301.25(A) gives clear notice that the permit can be suspended or revoked for any violation of R.C. Chapter 4303. Having accepted appellant's admission, the commission by law was authorized to suspend or revoke appellant's permit. Premised in part on the fact that appellant had been violating the law for six months, the commission chose to revoke appellant's permit. Moreover, while appellant would have this court modify the sanction imposed,Henry's Café, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233, prevents our altering the sanction by providing that:
On such appeal, the Court of Common pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion.
Id. at paragraph three of the syllabus.
 {¶ 14} Appellant also contends that, because the commission has not promulgated rules, standards, or regulations which permit a permit holder to be put on notice of what specific conduct will actually result in a revocation of a permit as opposed to a suspension of the permit, his constitutional rights have been violated. Appellant directs this court's attention to other situations wherein the commission chose to suspend a permit as opposed to revoking it and asserts that those were more egregious than his. Appellant argues that he had not been put on notice that his liquor permit could be revoked, even though he admitted that he knew his actions were in violation of Ohio's liquor laws.
 {¶ 15} R.C. 4301.25(A) clearly provides that revocation is a potential penalty for any violation of Ohio's liquor laws. Whether a statute or administrative rule is void for vagueness revolves around whether a person of average intelligence could comprehend what conduct is prohibited by statute. See Connally v. General Constr. Co. (1926),269 U.S. 385, 46 S.Ct. 126. The degree of specificity required of a civil statute is less than what is required of a criminal statute. See Salemv. Liquor Control Comm. (1973), 34 Ohio St.2d 244. The present case involves a civil statute applied in a civil proceeding and, as such, the specificity of prohibitions required constitutionally in a criminal statute is not required. The statute is sufficiently clear as to define the illegal conduct and its potential penalties.
 {¶ 16} In the present case, appellant admitted to the violations and indicated that he knew his conduct was in violation of the law. The commission determined that, although appellant had been involved in this type of business his entire adult life, he had spent the past six months knowingly violating the law. The commission chose to revoke appellant's liquor permit. Because that penalty is provided pursuant to R.C.4301.25(A), the commission was acting within its authority, and this court will not modify the penalty imposed. Henry's Café, supra. Appellant's assignment of error is not well-taken.
 {¶ 17} For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus and Bowman, JJ., concur.