OPINION
{¶ 1} On July 30, 2004, appellees, Antionette and Barry Dalton, filed a complaint against appellant, Leslie Young, claiming negligence and loss of consortium, respectively. Said complaint arose from a motor vehicle accident in a parking lot on August 10, 2002 wherein appellant struck appellees' vehicle. Mr. Dalton was operating the vehicle and Mrs. Dalton was a passenger.
 {¶ 2} Appellant stipulated to negligence. A jury trial on proximate causation and damages commenced on June 13, 2005. The jury found in favor of appellant.
 {¶ 3} On June 27, 2005, appellees filed a motion for new trial and a motion for judgment notwithstanding the verdict. By judgment entry field August 16, 2005, the trial court granted the motion for new trial.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEES' MOTION FOR NEW TRIAL IN THIS CASE, SUBSTITUTING ITS JUDGMENT OF THE FACTS FOR THE UNANIMOUS VERDICT OF THE JURY, TO THE APPELLANT'S PREJUDICE."
 I {¶ 6} Appellant claims the trial court erred in granting appellee's motion for new trial. We disagree.
 {¶ 7} A trial court's decision to grant a new trial pursuant to Civ.R. 59 lies within the trial court's sound discretion.Rohde v. Farmer (1970), 23 Ohio St.2d 82. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 8} This case proceeded to trial on the issues of proximate causation and damages as negligence had been stipulated to by appellant. The verdict rendered was a general verdict for appellant. The jury was not asked to answer interrogatories.
 {¶ 9} The trial court granted a new trial pursuant to Civ.R. 59(A)(6) which states a new trial may be granted if, "[t]he judgment is not sustained by the weight of the evidence." The trial court did not enter findings or reasons for its decision.
 {¶ 10} It is uncontested the parties were involved in a low impact parking lot collision which appellant admitted to causing. Mrs. Dalton stated the impact "jerked me all around." T. at 105. She stated immediately after the impact, her neck started bothering her and she had a headache. T. at 107. Mrs. Dalton did not seek treatment until four days after the accident. T. at 110. Appellees both testified Mrs. Dalton was unable to stay at a party on the day of the accident because she was not feeling well and the next morning, she was sore, unable to move her neck and raise her arms, and her arms were swollen. T. at 109, 170-171, 174.
 {¶ 11} When Mrs. Dalton was seen by her family physician, Susan Hake, M.D., four days after the accident, Dr. Hake did not notice swelling in her arms, but noted she complained of neck and elbow pain. Hake depo. at 10, 12. Dr. Hake diagnosed Mrs. Dalton as having "acute musculoskeletal strain of the neck, the right shoulder and the right elbow after a motor vehicle accident." Id. at 11. Dr. Hake prescribed anti-inflammatories and pain medicine. Id. at 18.
 {¶ 12} As a result of persistent elbow pain, an x-ray was taken which revealed no acute findings. Id. at 13. MRIs were done and Mrs. Dalton was found to have degenerative disk disease. Id. at 14-16. Dr. Hake opined the accident with appellant aggravated the disc disease. Id. at 26.
 {¶ 13} Mrs. Dalton testified she had had no previous problems with her elbow, neck and arms prior to the accident. T. at 121, 122-123, 147-148. Clearly she was less than forthright given the fact that Dr. Hake had documented previous problems in these areas. Hake depo. at 10, 37-41. Also, it was clear the jury was aware that Mr. Dalton's medical coverage paid for Mrs. Dalton's physical therapy treatment. T. at 116-117.
 {¶ 14} Although we concur with appellant's argument that not every negligent act causes injury and Mrs. Dalton's credibility was put into question, we cannot find the trial court abused its discretion in ordering a new trial. The medical care given only four days after the accident and Mrs. Dalton's undisputed discomfort indicate it was against the manifest weight of the evidence to enter a verdict for appellant.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.